# MISSOURI PACIFIC R. CO. v. MERRITT.

No. 13299—Opinion Filed Sept. 23, 1924.

Rehearing Denied Nov. 12, 1924.

1. **Railroads—Danger at Crossings—Travelers' Duty of Caution.**

The presence of a railroad track on which a train may at any time pass is notice of danger to such an extent that it is the duty of a person about to cross the track on a public highway to exercise caution in so doing and to look and listen before crossing, and it is negligence to omit such ordinary precaution.

2. **Same—Duty of Railroads—Warnings of Approach of Trains.**

The statute which requires a railroad company to give certain signals at highway crossings was not intended to furnish a standard by which to determine in every case whether or not such company had failed to discharge its duty in respect to giving sufficient warnings to the traveling public of the approach of its trains. It was intended rather to prescribe the minimum of care which must be observed in all cases.

3. **Same—Negligence of Traveler—Nonliability of Railroads.**

Where a person driving a tractor desires to cross a railroad track at a regular crossing and drives on to the track without looking or listening for the approach of trains, and a train strikes his tractor and demolishes it,

and the evidence on the part of the railroad company shows that the whistle was blown at the regular place and the bell was set in motion and was kept ringing and the driver of the tractor did not look or listen before driving on the railroad, he is not entitled to recover in a suit for damages to his tractor.

### 4. Same—Lack of Primary Negligence in Crossing Accidents.

Where the evidence shows that the engineer on a train approaching a street crossing in a town could not see a tractor which was approaching the railroad crossing on the opposite side from where the engineer was sitting, and did not see or know of the approach of the tractor until it was struck by his engine. and the evidence shows that the person driving the tractor did not look or listen, but carelessly and negligently drove on to the railroad track and was struck by the engine of the passing train, such person cannot recover for the damage done his tractor by the railroad train, because there was no primary negligence shown on the part of the person operating the train.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court. Rogers County: C. W. Mason, Judge.

Action by L. L. Merritt against Missouri Pacific Railroad Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

This case grew out of an accident which occurred on the defendant railroad at the station of Talala in Rogers county, whereby a passenger train of the defendant railway company struck a tractor which was driven by one of the plaintiff's employes. The facts in regard to said accident are as follows: On the 23rd day of August, 1920. the plaintiff was the owner of a certain Twin City Tractor, 12-20 horsepower, the value of which is alleged to have been $1,550. Clay Jones, who had been in the employ of the plaintiff, L. L. Merritt, for about three years prior to said time, was driving the tractor belonging to the plaintiff though the town of Talala, and in order to reach his destination he had to cross the railroad of the defendant, and about the time that he reached the crossing, a passenger train on the defendant's track came in from the south going north and the tractor was struck near the front and knocked from the track and badly demolished. The driver, Clay Jones, saw the approaching train in time to jump from the tractor and get out of the way and was not injured. The controversy in the case arose over the question as to whether Clay Jones was using the proper caution in approaching the crossing on said railway, and whether the railroad company was guilty of negligence

in running on the said tractor which destroyed it. The evidence of Clay Jones is, that he was ordered by the plaintiff, Merritt, to take the tractor, which had a plow fixed to it. from one side of the town to the other. and he was performing this duty at the time the tractor was struck by the train. Jones testified that he was going along the street until he got to the cross street that led into the crossing over the railroad tracks. He said that he did not see the train nor hear the whistle nor hear the bell ring: that he did not stop when he drove up to the railroad but drove his tractor on the railroad over the first rail before he heard the approach of the train. He said the first thing that attracted his attention to the train was the sound of the bell. and when he looked up the train was right on him and he jumped from the tractor and escaped injury. He stated in his testimony on cross-examination that he was not thinking about the train and that he did not stop. look, or listen, but just drove up to the track and started across, when he heard the bell of the engine and looked and saw the train coming and jumped off. L. L. Merritt, the plaintiff. testified that he was in his garage near the place where the accident occurred sitting at his desk, and that he said to someone who was present, "I believe I heard the train whistle," and stepped towards the door and looked out to see where Jones was and said, "I don't believe Clay can hear the train," and that he ran out and yelled to Jones as loud as he could, but that Jones evidently did not hear him. There was a diagram of the station and the surroundings introduced in evidence and also a photograph of the same. Both of these pictures show that there is a section house south of the depot and south of the crossing where the accident occurred, and there were some trees in the yard of said section house that obstructed the view of a person on the north of said section house, so that the train coming from the south could not be seen very well until it passed by these trees unless a person was near the track or on the track. Jones testified that he did not hear the train whistle nor hear the bell until the train was right on him: that his tractor was running and made considerable noise from the exhaust. which perhaps accounts for his not hearing the train approaching. A. R. Wilson, the engineer on said train, testified that he sounded the whistle at the usual signal points, and set the bell ringing until the air was shut off; that he could not see the west side of the track from which the tractor was approaching from where he sat in the cab. and did not

see this tractor approaching; that the first he knew of it was when he struck it. The fireman who sat on the other side of the cab said that the first he saw of the tractor it was about fifteen feet from the railway tracks and the driver was apparently not looking towards the railroad. He also testified that the whistle was blown south of town at the usual whistling post, and that the bell was kept continually ringing as usual, and that he had every reason to believe that the person driving the tractor would stop before he got to the track. There were several other witnesses who testified, some for the plaintiff, and all of whom said they did not hear the whistle blow nor the bell ring, while there were several witnesses besides the flagman, fireman, and engineer who testified to hearing the whistle blow and the bell ring, the plaintiff himself said he heard the whistle blow. It appears from the evidence that the train was about 45 minutes late, but that it came in at about its usual speed and stopped soon after it struck the tractor, and did not run up to the regular place or stop at the depot. The testimony of those who said they did not hear the whistle blow or the bell ring is of a purely negative character, while there are 5 or 6 witnesses who testified that they heard both the whistle and the bell at the crossing. At the close of plaintiff's testimony, defendant demurred to the evidence of plaintiff on the ground that it did not show liability on the part of the defendant. This demurrer was overruled and the defendant then introduced its testimony and after both parties had rested their case, the defendant moved the court to give a peremptory instruction to the jury to find for the defendant on the ground that under all of the testimony the plaintiff was not entitled to recover. This motion was overruled and the court instructed the jury, and there is but little objection made to the charge of the court, and after the argument of counsel for both parties, the jury returned a verdict for the plaintiff and fixed his damages at $1,367. Judgment was entered on the verdict and the defendant filed its motion for a new trial, which was overruled, time taken to prepare and serve case-made, and the case-made was duly served, settled and signed, and the case is now before this court for review.

Thomas B. Pryor and W. L. Curtis, for plaintiff in error.

Robson & Bayless, for defendant in error.

Opinion by MAXEY, C. We have given this case a great deal of attention and study. We have read the entire testimony and the briefs of the respective parties and given the cases cited due consideration, and have reached the conclusion that the trial court erred in not sustaining the demurrer to plaintiff's evidence, and in not sustaining the motion to direct a verdict at the close of all of the testimony. There are certain duties devolving upon the railroad company in cases of this character and a corresponding duty rests upon those who have occasion to cross the tracks of a railroad company. The case of Thrasher et al. v. St. Louis-San Francisco Railway Company, 86 Okla. 88, 206 Pac. 212, is a case similar to the one at bar and quoting from the first paragraph of the syllabus of that case, the court said:

"Ordinary prudence requires of any person possessed of their normal faculties of hearing and seeing, before attempting to pass over a known railway crossing to use them in discovering and avoiding danger from a passing train; and the omission to do so, without a reasonable excuse, is negligence, and if such negligence contributed to the injury of such a person, the action of such injured person should fail."

In the case of Clark v. St. Louis & S. F. R. Co., 24 Okla 764, 108 P. 361, this court held that, where there was no evidence that the engineer in charge of a train which struck plaintiff at a crossing discovered plaintiff's peril until the accident, the doctrine of last clear chance did not apply, though the engineer may have seen plaintiff approaching the track in a covered wagon; the engineer having a right to presume that a person so approaching the track had not omitted the ordinary precautions, and would stop in time to avoid an injury.

In the case of Railroad Co. v. Houston, 95 U. S. 697, at page 702, 24 L. Ed. 543, the court said:

"But, aside from this fact, the failure of the engineer to sound the whistle or ring the bell, if such were the fact, did not relieve the deceased from the necessity of taking ordinary precautions for her safety. Negligence of the company's employes in these particulars was no excuse for negligence on her part. She was bound to listen and to look, before attempting to cross the railroad track, in order to avoid an approaching train, and not to walk carelessly into the place of possible danger. Had she used her senses, she could not have failed both to hear and to see the train which was coming. If she omitted to use them, and walked thoughtlessly upon the track, she was guilty of culpable negligence, and so far contributed to her injuries as to deprive her of any right to complain of others. If, using them, she saw the train coming, and yet undertook to cross the track, instead of waiting for the train to pass, and was injured, the consequences of her mistake and temerity cannot be cast upon the defendant."

The following cases all support the rule

laid down in this case: Elliott v. Railroad Co., 150 U. S. 245, 14 Sup. Ct. 85, 37 L. Ed. 1070; Northern Pac. R. R. Co. v. Freeman, 174 U. S. 397. 43 L. Ed. 1024; Railway Co. v. Moesly, 57 Fed. 921; M., K. & T. R. R. Co. v. Horton, 28 Okla. 817, 119 Pac. 233; Ft. Smith & Western R. R. Co. v. Jones, 63 Okla. 228, 163 Pac. 1110; Clark v. St. L. & S. F. R. Co., 24 Okla. 764, 108 Pac. 361; Oklahoma City R. Co. v. Barkett, 30 Okla. 28, 118 Pac. 350; C., R. I. & P. Ry. Co. v. Baroni, 32 Okla. 540, 122 Pac. 926.

In the case of Missouri, Kansas & Texas Ry. Co. v. Stanton, 78 Okla. 167, 189 Pac. 753, the first paragraph of the syllabus reads as follows:

"It cannot be declared as a matter of law that it is the duty of a person approaching a railroad track at a crossing to stop before going upon the track. It is his duty to look and listen and to exercise such care as is commensurate with his surroundings to avoid the accident. There may be circumstances under which he should stop, but whether or not this is true depends upon the particular facts of the case, and whether he should stop or not is a matter for the jury to determine."

And paragraph three of the syllabus of the same case reads:

"The statute which requires a railroad company to give certain signals at highway crossings was not intended to furnish a standard by which to determine in every case whether or not such company had failed to discharge its duty in respect to giving sufficient warnings to the traveling public of the approach of its trains. It was intended rather to prescribe the minimum of care which must be observed in all cases."

In the case of St. L., I. M. & S. Ry. Co. v. Gibson, 48 Okla. 553, 150 Pac. 465, the court quotes with approval the rule laid down in 33 Cyc. 1049, which reads:

"Mere knowledge of the presence of a person on or near a crossing, without knowledge of his actual peril, does not make a railroad company responsible for its failure to avoid injuring him, since the railroad company has the right to presume, in the absence of knowledge to the contrary, that a person seen on, or near a crossing is sui juris, and will exercise ordinary care in stopping or in retiring to a place of safety in time to avoid being injured." (Crane v. Missouri Pacific, 89 Kan. 472, 131 Pac. 1188; St. Louis, I. M. & S. R. Co. v. Tucka, 95 Ark. 199, 129 S. W. 541; and a number of other cases are cited.)

The foregoing cases are sufficient to show the rule in this jurisdiction. There are numerous other cases that could be cited to support the same rule. Persons crossing railroad tracks must stop, look, and listen before driving on the tracks. They must know that trains are liable to be passing at all times and it is a reckless disregard of their duty to drive on the railroad tracks without using the precaution to stop, look and listen. They can not disregard this duty and rely on the engineer failing to sound the whistle or ring the bell. If the fact is that they did fail to sound the whistle or ring the bell, such fact would not relieve the person seeking to cross the railroad tracks from the necessity of taking ordinary precaution for his safety. Negligence of the company's employes in these particulars was no excuse for the negligence of Clay Jones. In this case, had he used his senses he would not have failed to hear the train which was coming in. The engineer, after he saw the tractor, if he did see it before he reached the crossing, would not have been required to stop the train, but he had a right to presume that the tractor would not heedlessly be driven upon the track in full view of the train. The duty and obligation on the part of the engineer to endeavor to check the train arose only after the tractor got on the track, when it was too late and he was powerless to do so. There were several witnesses testified positively to the fact that not only was the whistle sounded for the station stop but was sounded for the crossing, and that the bell was set in motion with an automatic ringer almost one-half mile south of the crossing and continued to ring until after the engine was stopped, while there is no witness who stated positively that the bell was not ringing, and the plaintiff himself admitted that he learned of the approach of the train by hearing the sound of the whistle. Kugler v. White et al., 91 Okla. 130, 216 Pac. 903. If there was a failure of the plaintiff as to the primary negligence then there was no question to submit to the jury. Midland Valley R. R. Co. v. Bailey, 34 Okla. 193, 124 Pac. 987; Phoenix Printing Co. v. Durham, 32 Okla. 575, 122 Pac. 708; Solts v. Southwestern Cotton Oil Co., 28 Okla. 706, 115 Pac. 776. These cases all sustain the rule that it is necessary for the plaintiff to establish primary negligence before there is anything against which to defend. Counsel for defendant in error has filed quite an elaborate brief and we have read same with a good deal of interest, but in our judgment the plaintiff in this case falls so far short in his testimony in establishing primary negligence on the part of the railroad company that it renders the authorities cited by counsel for defendant in error inapplicable to the facts in this case.

We are so thoroughly convinced that there was a complete failure on the part of the

plaintiff to make out a case that we feel compelled to reverse the case and remand it to the trial court, with instructions to set aside the judgment and grant a new trial.

By the Court: It is ordered.