KURN et al. v. CASEY et al.

No. 31038. Sept. 28, 1943.

Rehearing Denied October 19, 1943.

*141 P. 2d 1001.*

E. G. Nahler of St. Louis, Mo., and Cruce, Satterfield & Grigsby, of Oklahoma City, for plaintiffs in error.

Pryor & Wilbanks and C. E. Wilson, all of Holdenville, for defendants in error.

OSBORN, J. This action was instituted in the district court of Hughes county by Sudie Casey, for herself and as next friend of six minor children, hereinafter referred to as plaintiff,

against J. M. Kurn and John G. Lonsdale, trustees of the St. Louis-San Francisco Railway Company, and Rolla Carpenter, hereinafter referred to as defendants, wherein plaintiff sought recovery of damages for the alleged wrongful death of Jay B. Casey, the husband of plaintiff and father of the minor children. Issues were joined, the cause was submitted to a jury, and a verdict was returned in favor of plaintiff fixing the amount of her recovery at $6,000. From a judgment on the verdict, defendants have appealed.

For reversal of this cause defendants rely upon a single proposition, and that is, that the court erred in overruling defendants' demurrer to plaintiff's evidence.

Plaintiff alleged that on July 31, 1941, the deceased, Jay B. Casey, was instantly killed when struck by a freight train operated by defendants; that the fatal injury occurred at about 11:30 o'clock p. m., at a point about 100 yards north of where the railway track of defendant company intersects with Highway No. 270, which intersection is approximately one-half mile south of defendants' depot in the city of Holdenville. It was alleged that deceased was prone upon the railway tracks and "had either fainted, was ill, or asleep, and wholly unaware and incapable of being aware or conscious of the approach of the freight train." It was further alleged that defendant Rolla Carpenter, the engineer, saw and discovered the deceased upon the tracks in a perilous situation, or, by the exercise of slight care and caution, should have known that said deceased was sick, asleep, or unconscious on the tracks and unaware of the approach of the train, but that said defendant failed and refused to apply the brakes or attempt to retard the speed of the train or stop the train in time to avoid hitting, running over, and killing said deceased, and that said defendant "thereby had the last clear chance to avoid the injury and death of said Jay Casey." It was further alleged that for more than 20 years great numbers of people had been accustomed to using the railway right of way, between the intersection of the railway with the highway and the depot of defendants, as a common pathway from the vicinity of the station to said intersection. It was further alleged that the train was being operated at an excessive and unlawful rate of speed, to wit, 45 miles per hour, in violation of the ordinances of the city of Holdenville, which limit the speed of railway trains over street and highway crossings to 25 miles per hour, and that defendants failed to exercise reasonable care in keeping a lookout for pedestrians upon the tracks.

Defendants, by way of answer, denied the allegations of negligence and alleged that deceased was guilty of contributory negligence.

Plaintiff produced evidence to the effect that the train was traveling at a speed of approximately 40 to 45 miles per hour as it passed the highway intersection, and that the mangled and dismembered body of the deceased was found alongside of the tracks after the train had passed. One witness testified that he and deceased, since about 6 o'clock p. m. on the night of the fatal injury, were together, engaged in the drinking of intoxicants and that they separated between the hours of 11 and 12 o'clock p. m., and deceased started home walking along the railroad track. Plaintiff produced no witness who saw the deceased upon the tracks as the train approached. Several witnesses testified as to the use of the right of way as a public pathway. Defendants demurred to said evidence, and the demurrer was overruled. Defendants then announced that they would offer no evidence and moved for a directed verdict, which motion was also overruled, and the cause was submitted to the jury.

In order to establish primary negligence on the part of defendants, plaintiff relied in the main upon proof that the train was being operated within the city limits of the city of Holdenville at an illegal and excessive rate of speed. The evidence offered by plaintiff to the

effect that the train was traveling at a speed of approximately 40 or 45 miles per hour at the time of the fatal injury was not controverted. The city ordinance allegedly limiting the speed to 25 miles per hour was not introduced in evidence, although, under the view we take herein, this is not material.

In the case of Lowden v. Friddle, 189 Okla. 415, 117 P. 2d 533, we reiterated the rule that a plaintiff who seeks to recover damages from a defendant for an injury must show (1) that the defendant was negligent, and (2) that there is a causal connection between the negligence of defendant and the injury of plaintiff. The plaintiff herein has not shown that there was a causal connection between the excessive rate of speed of the train and the fatal injury to the deceased, and, in this respect, has failed to show actionable primary negligence.

We will next consider plaintiff's contention that the evidence was sufficient to establish liability against defendant under the "last clear chance" doctrine. The rule is well fixed that in order to establish liability under said doctrine it is necessary to prove: (1) That the person was in a place of danger; (2) that he was seen in such place of danger by the owner or agent or servant of the owner; and (3) a failure thereafter to use ordinary care to avert injury. The last clear chance doctrine does not apply where the defendant did not discover the injured person's exposure to danger in time to prevent the accident. Atchison, T. & S. F. Ry. Co. v. Howard, 186 Okla. 446, 98 P. 2d 914. The theory of the doctrine is based upon conduct subsequent to the discovery of the danger. The duty required of the defendant after discovering the danger is that of ordinary care, under the circumstances then and there present. Atchison, T. & S. F. Ry. Co. v. Phillips, 158 Okla. 141, 12 P. 2d 908. As heretofore stated, the plaintiff offered no witness who saw the deceased upon the tracks immediately prior to the time he was struck by the train and no evidence was introduced in behalf of defendants. There is, therefore, no direct evidence as to the ele-

ments essential to establish liability under the "last clear chance" doctrine and, unless said elements may reasonably be inferred from the evidence adduced, there is a failure of proof upon this point. In the light of the physical facts, it may reasonably be inferred that the deceased was upon the tracks of defendant company when struck by the train; but a search of the record reveals evidence of no facts from which it may be inferred that the engineer saw deceased upon the tracks in time to have brought the train to a stop before deceased was struck. A showing of discovered peril in sufficient time to avert the harm by the use of available facilities, is essential to the establishment of liability under the "last clear chance" doctrine. See Restatement, Torts, vol. 2, § 479.

In the light of the foregoing it follows that there was also a failure of proof upon the charge that defendants' servants in charge of the train were guilty of negligence in failing to exercise reasonable care in looking out for pedestrians upon the tracks.

The judgment of the trial court is reversed and the cause remanded, with directions to dismiss the same.

CORN, C. J., and RILEY, BAYLESS, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur. GIBSON, V. C. J., absent.