William JESTER, Executor of the Estate of Ted R. Semler, Plaintiff in Error,

v.

ST. LOUIS–SAN FRANCISCO RAILWAY COMPANY, a Missouri corporation, and Roosevelt Material Company, an Oklahoma corporation, Defendants in Error.

No. 40827.

Supreme Court of Oklahoma.

Nov. 16, 1965.

As Corrected March 15, 1966.

Rehearing Denied March 15, 1966.

Jack B. Sellers, Sapulpa, Joe A. Moore, Memphis, Tenn., of counsel on brief, for plaintiff in error.

Streeter Speakman, Sapulpa, Franklin, Harmon & Satterfield, Oklahoma City, E. D. Grinnell, Jr., St. Louis, Mo., for defendant in error, St. Louis-San Francisco Ry. Co.

BERRY, Justice.

Subsequent to filing of plaintiff in error's brief on appeal a suggestion of plaintiff in error's death and appointment of William Jester as Executor of deceased's estate was made to this Court. By appro-

priate order entered thereafter, the cause was ordered revived in the name of William Jester, Executor of the Estate of Ted R. Semler, Deceased. All references to plaintiff, or plaintiff in error, are to be understood as referring to the Executor of the deceased's estate.

Plaintiff in error, as plaintiff in the trial court, sued to recover damages alleged to have resulted from the joint and concurrent negligence of several defendants, including the named railroad corporation. The trial court sustained the motion of defendant railroad for judgment upon plaintiff's opening statement. After motion for new trial was overruled plaintiff perfected this appeal upon the original record. No issue is involved as concerns the other defendants, the action as to them having been continued pending this appeal.

The petition alleged that at approximately 11 a. m. on October 27, 1962, plaintiff was a sleeping guest passenger in a semi-trailer truck loaded with crushed stone then being driven by a named operator, now deceased, at a speed of approximately 50 miles per hour northward on State Highway 8, as this road approached and intersected defendant railroad's track approximately two miles southeast of Carmen, Oklahoma. The train, made up of an engine and 14 cars, was proceeding in a southeasterly direction at approximately 25 miles per hour. The weather was clear and visibility such that the engineer observed the truck while more than a quarter mile from the crossing. Both the truck driver and the engineer approached the crossing without slowing or stopping. A collision occurred, as the result of which plaintiff received serious injuries.

Plaintiff alleged his cause of action accrued by reason of the negligence of defendant, its agents and employees in that: (1) the truck in which plaintiff was a passenger was in a position of peril; (2) the employees in control of defendant's train observed the truck in such position when there still remained sufficient time and distance to stop or slow the train and thus avoid collision; (3) after observing the truck in a position of peril defendant should have known the truck was not going to stop, but the employees negligently failed to exercise ordinary care to slow or stop the train and allowed it to continue at the same speed and collide with the truck in which plaintiff was a passenger. The petition also charged various acts of negligence as against the truck driver, which combined and concurred with the alleged negligence of defendant and proximately caused the collision which resulted in plaintiff's injuries.

Various special motions and defendant's separate demurrer were overruled. The amended answer denied any negligence on defendant's part, and alleged the accident resulted solely from the truck driver's negligence; denied defendant owed any duty to operate its train in a manner which would enable it to stop at every crossing, or that the truck was in a position of peril when defendant's employees could have avoided the accident by exercise of ordinary care. Defendant alternatively alleged the accident was unavoidable. The issues were formed by plaintiff's reply in form of general denial, and specific denial the accident was unavoidable or that plaintiff was an authorized passenger.

Plaintiff's appeal is presented under the proposition that the trial court erred as a matter of law in sustaining defendant's motion for judgment upon the opening statement. The supporting argument is derived from a considerable discourse upon the so-called "humanitarian" or last clear chance doctrine, since first involved in the case of the donkey with the fettered feet in Davis v. Mann, Ex. (1842), 10 M & W 547, through texts, decisions from other courts, and certain of our own decisions hereafter noted.

Relying upon text and case authority, plaintiff states that four fact situations normally give rise to the issue of application of the doctrine of last clear chance. Thus, since plaintiff alleged inattention causing his peril, and in the opening statement

claimed the fact of actual discovery of plaintiff's peril by defendant's employees, and the failure to exercise reasonable care after such discovery when they could have avoided the accident by exercise of that care, plaintiff concludes the present case falls within the second fact situation which requires application of the doctrine, stating the proposition thus:

"2. Where the plaintiff is not in a position wherein he could not avoid the injury, but fails to do so because of inattention, and the defendant, with knowledge of plaintiff's position of peril, realizes, or has reason to realize his inattention; and, after such knowledge, and such actual or constructive realization of the fact of plaintiff's inattention, could have avoided the injury by the exercise of reasonable care. This aspect of the doctrine, together with No. 1, supra, is often referred to as the doctrine of 'discovered peril' or 'conscious last chance'. Merrill v. Stringer, 58 N.M. 372, 271 P.2d 405, (1954); Restatement of Torts, Sec. 479, 480."

In view of the foregoing plaintiff reasons: (1) this Court recognizes and applies the doctrine of last clear chance; (2) the matters asserted in plaintiff's opening statement were required to be taken as true, Baker v. Broughton, 193 Okl. 656, 146 P.2d 832; (3) the fact of discovery of plaintiff's perilous position may be established by circumstantial evidence; (4) plaintiff plainly asserted defendant's actual discovery of plaintiff's position of peril; (5) discovery of plaintiff's peril was sufficient to create a question of fact as to whether defendant exercised reasonable precautions to prevent the accident. Upon this tenuous reasoning the conclusion is reached that under principles of the doctrine of last clear change plaintiff offered to prove facts which required submission of the issue to the jury, which if established by evidence entitled plaintiff to a verdict. In view of this argument it is apparent plaintiff's basic premise simply is that the doctrine of last clear chance must be applied because defendant was in a position to see that the accident was going to occur.

The most liberal construction of plaintiff's opening statement tended to show that the crossing, or place of accident, was visible some half or three-quarters of a mile in the direction from which the truck was approaching, and more than one-fourth mile from the direction the train was traveling. The approximate rate of approach was 40–45 miles per hour for the truck and 25 miles per hour for the train. The crossing was protected both by automatic lights and bells and no claim was made same were not functioning properly. There was no charge of primary negligence against defendant based upon excessive speed, failure of signals, or to keep a proper lookout ahead. At the time of the collision the applicable, highway safety statutes required the driver of plaintiff's vehicle to stop within not more than 50 feet and not less than 15 feet from any grade crossing protected by described safety devices; and others requiring vehicles to be operated at a reasonable and prudent speed commensurate with existing conditions, and to be driven at a reduced speed when approaching an intersection or railway grade crossing. 47 O.S.1961, Secs. 11–701(a) and 11–801(a) (d).

Examination of plaintiff's argument reflects that it is predicated upon the invalid premise, that upon observing the truck approach the crossing defendant was bound to recognize plaintiff's inattention, and that mere approach to the intersection was a position of peril which defendant legally was bound to recognize. The trial court recognized the invalidity of plaintiff's position when he observed that the engineer rightfully could assume the truck driver would obey the statutes, and bore no duty either to slow the train or attempt to stop for traffic approaching the crossing. That the trial court correctly understood and stated the law in this respect is not open to

question. The general rule is stated in 44 Am.Jur., Railroads, Sec. 487:

"The doctrine of last clear chance is not properly invoked to charge a defendant with negligence; the defendant's duty must be established independently of the doctrine, in order to hold him liable. * * *"

As to application of the doctrine of last clear chance, see generally annotations in 92 A.L.R. 47, and 119 A.L.R. 1041; 38 Am. Jur., Negligence, Secs. 215 et seq.

This Court has had occasion to consider application of the doctrine innumerable times. Clark v. St. Louis & S. F. R. Co., 24 Okl. 764, 108 P. 361; Oklahoma City Ry. Co. v. Barkett, 30 Okl. 28, 118 P. 350; Missouri, O. & G. Ry. Co. v. Lee, 73 Okl. 165, 175 P. 367; Muskogee Electric Traction Co. v. Tanner, 93 Okl. 284, 220 P. 655; Missouri Pac. R. Co. v. Merritt, 104 Okl. 77, 230 P. 513; Sand Springs Ry. Co. v. McWilliams, 170 Okl. 85, 38 P.2d 539; St. Louis-S. F. Ry. Co. v. Van Hoy, Okl., 268 P.2d 582; and Kurn v. Casey, 193 Okl. 192, 141 P.2d 1001. These cases are cited by the parties and may be considered representative of this Court's treatment of the question and so do not require extended analysis or discussion.

Both the Clark and Barkett cases, supra, while cited by plaintiff, adhere to the rule that the engineer has a right to assume that one approaching the crossing has not omitted ordinary precautions imposed by law and will stop in time to avoid injury. In Merritt, supra, it was held that after the engineer observed the approaching vehicle, *if it were seen before reaching the crossing,* this would not require the train to be stopped. To the same effect see St. Louis, I. M. & S. R. Co. v. Gibson, 48 Okl. 553, 150 P. 465; and M. O. & G. Ry. Co. v. Lee, supra.

█ Two basic principles, consistently adhered to by this Court, destroy the plaintiff's argument. The first is that a highway traveler must yield to an approaching train which has the right-of-way, and those operating the train lawfully may predicate their course of action upon the assumption that such traveler will obey the law in this respect. This has been our rule since the decision in Clark, supra. The second principle, as expressed in Lee, supra, is that while last clear chance recognizes that although plaintiff is primarily negligent *his negligence has ceased,* and after his perilous condition has been discovered (without regard to prior negligence) defendant might have avoided injuring plaintiff by exercise of reasonable care. This is the basis of the decision in Lee, supra.

█ We deem it unnecessary to extend discussion, multiply citation of authority, or distinguish decisions from other jurisdictions. No primary negligence against this defendant was asserted, and plaintiff simply charged defendant with liability arising from violation of the doctrine of last clear chance. The matters alleged in the petition, and claimed by plaintiff to have existed under terms of the opening statement, wholly failed to satisfy the requirements which must be present in order for the rule to be controlling.

The defendant asserts that a prior order of this Court, overruling defendant's motion to dismiss this appeal, invalidated a legislative pronouncement relative to certain appeal proceedings. Hence it is suggested that we should make some reference to the presumed invalidity of the statutory provision, and incorporate our ruling on the motion to dismiss. We consider this to be unnecessary. Poafpybitty v. Skelly Oil Co., Okl., 394 P.2d 515.

Judgment affirmed.

HALLEY, C. J., and BLACKBIRD, IRWIN and LAVENDER, JJ., concur.

JACKSON, V. C. J., and HODGES, J., concur in result.

WILLIAMS, J., dissents.