2002 OK CIV APP 23

Robert J. MOORE, Plaintiff/Appellant,

v.

BURLINGTON NORTHERN RAILROAD CO., Defendant,

A. Leander McAlister Trucking Co., and National American Insurance Co., Defendants/Appellees.

No. 93,486.

Court of Civil Appeals of Oklahoma, Division No. 3.

Oct. 19, 2001.

Rehearing Denied Nov. 27, 2000.

Certiorari Denied Feb. 11, 2002.

Robert S. Bogard, St. Louis, MO, Clifton D. Naifeh, Oklahoma City, OK, for Appellant.

W. Wayne Mills, Oklahoma City, OK, for Appellees.

## OPINION

CAROL M. HANSEN, Vice–Chief Judge.

¶ 1 Plaintiff, Robert J. Moore, was an engineer on a Burlington Northern Railroad Company (Burlington Northern) train traveling south from Oklahoma City to Texas. An employee, Mr. Bailey (Bailey), of Defendant A. Leander McAlister Trucking Company, was driving a tractor trailer (truck) west on King Road. Although Plaintiff testified that Bailey did not stop at the railroad crossing, Bailey testified he did stop at a railroad crossing, rolled his windows down to listen for a train, but did not see or hear the oncoming train. He then continued west a short distance on King Road to a stop sign at the intersection of King Road and Highway 277. Because the stop sign was a short distance west of the railroad track, part of the truck extended onto the railroad tracks as Bailey waited at the stop sign to proceed.

¶ 2 Evidence revealed that Bailey waited at the stop sign anywhere from approximately 30 seconds to eight minutes. In his depo-

sition, which was read to the jury, Bailey testified he waited at the stop sign for seven to eight minutes. However, at trial, he testified it "probably wasn't that long." He testified that during that time, he did not maintain a lookout while he was sitting at the stop sign. During the time he was sitting at the stop sign his windows were rolled up and the "stereo was up." In spite of Plaintiff's emergency braking, the southbound train collided with the portion of the tractor trailer remaining on the track. Plaintiff suffered injuries as a result of the collision.

¶ 3 Plaintiff filed a lawsuit against Burlington Northern and Defendants. Plaintiff settled the lawsuit with Burlington Northern, and the action proceeded to trial against Defendants, A. Leander McAlister Trucking Company (McAlister) and National American Insurance Co. (National). The jury returned a verdict in favor of Defendants. The trial court overruled Plaintiff's motion for judgment notwithstanding the verdict and overruled his motion for a new trial. The trial court awarded Defendant McAlister costs in the amount of $4,313.53. Plaintiff appeals the denial of his motion for a new trial and the trial court's granting of Defendant McAlister's motion for costs.

¶ 4 Plaintiff complains the trial court erred in failing to admit into evidence a certified copy of the Oklahoma Department of Public Safety Oklahoma Uniform Violations Complaint (the ticket) wherein Bailey was charged with failing to "stop/yield for train at railroad crossing." Defendants had previously filed a motion in limine seeking to exclude evidence regarding issuance and subsequent payment of a traffic citation issued to Bailey. The ticket indicated Bailey had failed to stop or yield in violation of 11 O.S. § 701a. Plaintiff points out that page 2 of the ticket is divided into two sections, "Entry of Appearance and Plea," and "Court Orders." The first section is completely blank.

The second section, "Court Orders," has a subsection, "Conviction Based Upon." In this subsection, the box marked shows the conviction is based upon a "Plea of Guilty." The form has a box labeled, "Plea of Nolo Contendere," which box was not marked. The form also has two other boxes labeled, "Bond Forfeiture," and "Court (Jury) Conviction." These boxes were not marked, either.

¶ 5 Plaintiff argues that pursuant to 12 O.S. 2803 (22), Bailey's guilty plea is admissible "because it is an admission." Section 2803(22), an exception to the hearsay rule, is not applicable in this case because it deals only with guilty pleas "adjudging a person guilty of a crime punishable by death or imprisonment in excess of one (1) year...."

¶ 6 Both parties cite this Court to *Walker v. Forrester*, 1988 OK 102, 764 P.2d 1337 wherein the defendant received a traffic citation from the police officer, which she paid by mail. She was cited for "Failure to Devote Attention to Driving." The plaintiff sued her for negligence and the defendant presented a motion in limine to exclude all mention of the fact she had received and paid a traffic citation. The record contained no proof she had ever pleaded guilty to her traffic citation. The Supreme Court reasoned her deposition testimony "is descriptive of plea of nolo contendere." [1] In the case at bar, Bailey testified in his deposition to the following:

Q. "What was the ticket for?"

A. "Failure to yield right of way to a train."

Q. "What happened to that ticket?"

A. "I gave it to Charlie."

Q. "Did you ever hear about anything afterwards?"

A. "No, sir."

Q. "Do you know whether that appears on your driving record or not?"

---

1. The deposition testimony is as follows:
Q. "Did you receive a citation in this accident?"
A. "Yes, I did."
Q. "What was that for?"
A. "Failure to devote time to driving, full-time and attention."
Q. "How was that disposed of?"
A. "I just paid it."
Q. "Did you enter a plea or anything like that?"
A. "No."

Q. "You just paid the ticket?"
A. "Uh-huh."
Q. "Did you contest it in any way?"
A. "Did I? No."
Q. "Do you agree with it?"
A. "No, not necessarily, but at the time it was-I really didn't have the time to deal with it. It was worth whatever the ticket was with my schedule, I just couldn't afford to take the time off from work to deal with it."

A. "Probably did. I haven't looked at my record to find out."

Q. "You don't even know whether you pleaded guilty to it or not?"

A. "I don't know if it was guilty or what, but they were supposed to take the money out of my check and pay it."

Q. "Did they?"

A. "As far as I know, they did. I haven't heard anything else about it."

. . . .

Q. "And do you recall whether you checked the guilty or no contest, nolo contendere box, if there was such a box? Or did you just sign it in blank?"

A. "I remember signing the back of it. I'm pretty sure that there was a guilty box, or a nolo box, or guilty."

Q. "Do you recall which one you checked?"

A. "Probably nolo."

¶ 7 The *Walker* Court stated:

There is no admissible evidence in this record which shows that the appellee entered a plea of guilty to the traffic citation. The proof of such a plea, the ticket itself, was notably absent at trial and in the record. This record contains evidence which supports only two inferences. Either the appellee pleaded nolo contendere to the ticket and paid a fine; or she simply allowed her bail to be forfeited in the belief that such forfeiture would end the matter. Neither scenario would justify evidence of the payment of the fine or forfeiture of bail to be admitted in a subsequent civil proceeding. *See Dover v. Smith* [1963 OK 166, 385 P.2d 287] *Laughlin v. Lamar*, [1951 OK 330, 237 P.2d 1015, 205 Okla. 372 ]; 22 O.S.1981, § 1114.4

The legal theory supporting the admissibility of a plea of guilty to a traffic offense in a civil action is not that the plea is the basis for a judgment establishing a fact, but that the plea is an admission against interest. See, *Dover v. Smith*, supra. ". . . [A] distinction has been drawn between a plea of guilty to an offense which notes conduct in issue in a civil case and statement made by one in the course of paying a traffic fine under a so-called 'cafeteria' system for minor traffic offenses, the latter not constituting an admission of the fact that the declarant did the act charged in the traffic ticket."

¶ 8 Plaintiff distinguishes this case from *Walker* because Bailey's ticket marked "guilty" was available for admission at trial whereas in *Walker* the ticket was "notably absent at trial and in the record." However, the *Walker* Court also held that "[o]ur cases have made it abundantly clear that such evidence is only admissible in a subsequent civil proceeding when it is shown that the defendant voluntarily and knowingly entered a plea of guilty to the traffic citation." Bailey's deposition testimony indicates he did not "voluntarily and knowingly" enter a guilty plea. Bailey paid a fine pursuant to the "cafeteria" system for traffic offenses. This payment, even if he marked the guilty box, does not constitute an admission of the fact he did the act charged in the ticket. The trial court did not err in refusing to admit evidence of issuance and payment of the ticket.

¶ 9 Among other things, Plaintiff complains the trial court abused its discretion, pursuant to 12 O.S. 651 Eight, in denying his motion for new trial because it erred in refusing to give Requested Instructions # 13 and # 14. Requested Instruction # 14 states:

You are further instructed that a railroad track is of itself a warning of danger and one who attempts to cross it must exercise that degree of care which an ordinarily prudent person would exercise under like circumstances. As to what is ordinary care depends upon surrounding circumstances, but it must be such care as is commensurate with a known danger. Thus, if one attempts to cross a railroad track where his view is obstructed, he would be required to exercise a greater degree of care than he would if he were crossing a railroad track where there were no obstructions.

¶ 10 This instruction is based on an identical instruction in *Wilson v. St. Louis San Francisco Ry. Co.*, 1929 OK 503, 283 P. 999, 141 Okla. 108. In that case, the motorist was driving a truck south when hit and killed by an eastbound train. The motorist's wife sued the railroad, and in her petition she alleged

there existed a 20 feet high embankment of foliage at the northwest intersection of the road and the railroad tracks. She further alleged that because of the embankment, one traveling south on the road could not see a train approaching from the west until within 10 feet of the track.

¶ 11 In the present case, although the motorist is the defendant, the issues are the same. Further, even though there was no embankment present, there was evidence both parties had traveled the road and the railroad track many times and, therefore, knew the line of visibility up and down the track was limited because a small hill obstructed the view of one from the other. An expert witness testified visibility was limited to 1000 feet because of the small hill. In addition, Bailey should have been aware the distance between the tracks and the stop sign could present a hazard by his trailer remaining on the tracks. In the circumstances of this case, Bailey was required to exercise a greater degree of care because of the visibility limitations which obstructed his view of the train within 1000 feet and the nearness of the stop sign. That the trial court did not instruct the jury Bailey was required to exercise a greater degree of care because of the visibility limitations was prejudicial error. As a result, it is likely the jurors were misled and thereby reached a different result than they would have reached but for the error. *Smicklas v. Spitz,* 1992 OK 145, 846 P.2d 362.

¶ 12 Plaintiff also complains the trial court erred in refusing to give Requested Instruction # 13, which states:

You are instructed, that it is the duty of a person about to cross a railroad track to make vigilant use of his senses in order to ascertain if there is a train approaching, and it was the duty of Defendants on approaching the railroad track, to look and listen for approaching trains before attempting to cross said track, or before putting the Defendants' vehicle in a place of danger, and it was Defendants' employee's duty to keep his faculties in active exercise and not to permit his attention to be diverted from the danger before him, and this duty rested upon him at all times as he was approaching the railroad track

and until he reached a place of safety beyond same.

¶ 13 However, instead of giving Plaintiff's Requested Instruction # 13, the trial court gave Instruction # 10 which stated, "It is the duty of every operator of a vehicle to exercise ordinary care in keeping a lookout consistent with the safety of other persons." This instruction, given often in auto collision cases, does not adequately explain the duties of a motorist at a railroad crossing. Bailey had a continuing duty to remain alert at all times, including the time the tractor trailer remained on the tracks, until he reached a place of safety beyond the tracks. This omission in instructing on the motorist's duty was prejudicial to Plaintiff, especially if the jury believed Bailey's testimony that he waited at the stop sign with the tractor trailer remaining on the tracks for up to eight minutes.

¶ 14 The balance of the trial court's instructions would not necessarily have been improper had the trial court given Plaintiff's Requested Instructions # 13 and # 14. Nevertheless, the trial court erred in not giving both Plaintiff's Requested Instructions # 13 and # 14. Therefore, it is likely the jury was misled to the extent of rendering a different verdict than it would have rendered, if these instructions had been given. *Missouri–Kansas Texas Railroad Company v. Jones,* 1960 OK 40, 354 P.2d 415. The trial court abused its discretion in denying Plaintiff's motion for new trial. The matter is REVERSED AND REMANDED FOR A NEW TRIAL.

¶ 15 Plaintiff contends the trial court erred in granting Defendant McAlister's motion to tax costs. Because of this Court's decision, the order granting Defendant's motion for costs is REVERSED.

¶ 16 JOPLIN, J., concurs.

¶ 17 ADAMS, J., concurs in part and dissents in part.

ADAMS, J., concurs in part and dissents in part.

¶ 1 I would reverse the judgment in favor of Defendants and remand with directions to

direct a verdict on liability in favor of Plaintiff and for new trial on damages.