2003 OK CIV APP 79

**BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY,**
**Plaintiff/Appellant,**

v.

**BRUCE WILLEY TRUCKING and**
**Great West Casualty Company,**
**Defendants/Appellees.**

No. 97,902.

Court of Civil Appeals of Oklahoma,
Division No. 3.

Aug. 22, 2003.

Roberta Browning Fields, Hugh D. Rice, Rainey, Ross, Rice & Binns, Oklahoma City, OK, for Appellant.

Robert B. Mills, Dan K. Jones, The Mills Law Firm, Oklahoma City, OK, for Appellees.

Opinion by LARRY JOPLIN, Chief Judge.

¶1 Plaintiff/Appellant Burlington Northern and Santa Fe Railway Company (Railway) seeks review of the trial court's order denying its motion for new trial after a jury verdict for Defendants/Appellees Bruce Willey Trucking and Great West Casualty Company (Trucker) on the parties' claims and counterclaims to recover damages arising from a collision at a railroad crossing. In this appeal, Railway complains the trial court erred in denying its motion for new trial after improper instruction of the jury. Having reviewed the record, we hold the trial court indeed erred in instructing the jury and should have granted the motion for new trial. The order of the trial court should therefore be reversed and the cause remanded.

¶ 2 Trucker's semi-tractor truck with grain trailer attached became stuck in a drainage ditch, partially blocking the Maple Street railroad crossing in Carrier, Oklahoma. Railway's on-coming train could not stop, and collided with the truck.

¶ 3 Railway commenced the instant suit against Trucker to recover damages for the repair and loss of use of its train engine. Trucker counter-claimed for damages to its tractor-trailer.

¶ 4 At trial, Railway adduced evidence that Trucker gave no warning by sign, flare or other device to alert the on-coming train of the impediment, and argued its train crew acted as quickly as possible to avoid the accident. Trucker adduced evidence argu-

ably showing that the train crew could see the impediment in time to stop but delayed braking until too late.

¶ 5 Upon conclusion of the evidence, and over Railway's objection, the trial court instructed the jury on burden of proof, giving both a "greater weight of the evidence" instruction [1] and a "clear and convincing evidence" instruction.[2] Over Railway's objection, the trial court also instructed that a train and a truck are both "vehicles," the operators of which are subject to the same duties and obligations imposed by the "rules of the road," [3] and refused to instruct as Railway requested concerning the duty of a train operator.[4] The trial court further re-

1. The trial court's Instruction Number 6 provided:

In a civil lawsuit, such as this one, the law provides which party is to prove certain things to you. This is called "Burden of Proof."

When I say that a party has the burden of proof on any proposition by the greater weight of the evidence, or use the expression "if you find," or "if you decide," I mean you must be persuaded, considering all the evidence in the case, that the proposition on which such party has the burden of proof is more probably true than not true. The greater weight of the evidence does not mean the greater number of witnesses testifying to a fact, but means what seems to you more convincing and more probably true.

A party who seeks to recover on a claim [or a counterclaim], or a party who raises an affirmative defense has the burden to prove all the elements of the claim or defense. In deciding whether a party has met the burden of proof, you are to take into account all the evidence, whether offered by that party or any other party.

OUJI 3.1

2. The trial court's Instruction No. 7 provided:

When I say that a party has the burden of proving any proposition by clear and convincing evidence, I mean that you must be persuaded, considering all the evidence in the case, that the proposition on which the party has the burden of proof is highly probable and free from serious doubt.

OUJI 3.2

3. The trial court's Instructions Numbers 24–28 provided:

INSTRUCTION NUMBER 24

The operator of a vehicle having the right-of-way must exercise ordinary care and operate his vehicle with due regard to existing conditions. He is entitled to assume that his right-of-way will be respected, until he has warning, notice or knowledge to the contrary. If the situation is such as to indicate to a reasonably careful person

in his position that to proceed would probably result in a collision, then he should exercise ordinary care to prevent an accident, even to the extent of yielding his right-of-way.

OUJI 10.3

INSTRUCTION NUMBER 25

A person operating a vehicle has the duty to use ordinary care for his own safety. If hazardous conditions exist of which he knows or in the use of ordinary care should know, he has the duty to use the care required by such conditions.

OUJI 11.2

INSTRUCTION NUMBER 26

It is the duty of the operator of a vehicle to use ordinary care to prevent damage to themselves or other persons.

OUJI 10.1

INSTRUCTION NUMBER 27

It is the duty of every operator of a vehicle to exercise ordinary care in keeping a lookout consistent with the safety of others.

OUJI 10.2

INSTRUCTION NUMBER 28

You are instructed that as used in these instructions a train locomotive and a truck are vehicles.

4. Railway's Requested Instructions Numbers 2–4 provided:

REQUESTED JURY INSTRUCTION NO. 2

The operator of a train has no duty to stop or slow the train when a truck is approaching, driving over or sitting on a railroad crossing. The duty of the train operator to attempt to stop arises only if the train operator determines that the truck will not or cannot clear the train's right-of-way in time to avoid a collision.

Authority:

*Jester v. St. Louis–San Francisco Railroad Co.,* 413 P.2d 539 (Okla.1966); *Missouri Pac. R. Co. v. Gordon,* 186 Okla. 424, 98 P.2d 39, 43 (1940).

REQUESTED JURY INSTRUCTION NO. 3

Because trains have the right-of-way at railroad crossings, the operator of a train has the

fused Railway's requested jury instructions concerning Trucker's legal duty to warn of the stopped truck as required by state and federal law.[5]

right to proceed and must only attempt to stop a train when the operator determines that a truck or other vehicle will not, or cannot, clear the right-of-way.
Authority:
*Jester v. St. Louis–San Francisco Railroad Co.*, 413 P.2d 539 (Okla.1966); *Missouri Pac. R. Co. v. Gordon*, 186 Okla. 424, 98 P.2d 39, 43 (1940).
REQUESTED JURY INSTRUCTION NO. 4
Trains have the right-of-way at railroad crossings. The only duty a railroad owes to a trespasser is to refrain from willfully or wantonly injuring him.
Authority:
*Hamilton v. Allen*, 852 P.2d 697, 700 (Okla. 1993); *Jester v. St. Louis–San Francisco Railroad Co.*, 413 P.2d 539 (Okla.1966); *Guilfoyle v. Missouri, Kansas, and Texas R. Co.*, 812 F.2d 1290, 1292 (10th Cir.1987).

**5.** On this issue, Railway requested the following instructions:
REQUESTED JURY INSTRUCTION NO. 19
There was in force and effect at the time of the occurrence federal regulations requiring that trucks such as that involved in the occurrence be equipped with warning devices in the event that they become stopped. The warning devices required under these federal regulations are 1) three bidirectional emergency reflective triangles; or 2) at least 6 fusees or 3 liquid burning flares. At the time of this occurrence federal law prohibited driving a motor vehicle unless the driver was satisfied that this emergency equipment was in place in the truck and ready for use.
AUTHORITY:
49 CFR Ch. III, § 392.8 (Emergency Equipment, Inspection and Use) and § 393.95 (Emergency Equipment on All Power Units)
REQUESTED JURY INSTRUCTION NO. 20
There was in force and effect at the time of the occurrence the following federal regulation: 49 CFR § 392.22 Emergency Signals; Stopped Commercial Vehicles, which provides, in relevant part:
Hazard warning signal flashers. Whenever a commercial motor vehicle is stopped upon the traveled portion of a highway or shoulder of a highway for any cause other than necessary traffic stops, the driver of the stopped commercial motor vehicle shall immediately activate the vehicular hazard warning signal flashers and continue the flashing until the driver places the warning devices [reflective triangles or (flares/fusees)] required by paragraph (b) of this section.... The flashing lights may be used at other times while a commercial motor vehicle is stopped in addition to, but not in lieu of, the warning devices....
You are instructed that "highway" is defined as "any road, street or way, whether on public or private property, open to public travel."
AUTHORITY:
49 CFR § 392.22

49 CFR § 390.5
REQUESTED JURY INSTRUCTION NO. 21
There was in force and effect in the State of Oklahoma at the time of the occurrence the following statute. Title 47 (Motor Vehicles) § 11–1003, Stopping, standing or parking prohibited in specified places, which provides, in part,
A. No persons shall stop, stand or park a vehicle, except when necessary to avoid conflict with other traffic or in compliance with law or the directions of a police officer or traffic-control device, in any of the following places:
9. Within fifty (50) feet of the nearest rail of a railroad crossing.
. . . .
AUTHORITY:
47 O.S. § 11–1003(A)(9).
REQUESTED JURY INSTRUCTION NO. 22
In addition to the duty to exercise ordinary care, there are also duties imposed by statutes. If you find that a person violated the following statute and the violation was a direct cause of the injury, then such violation in and of itself would make such person negligent. There was in force and effect in Oklahoma at the time of the occurrence the following statute: Title 47 (Motor Vehicles) § 11–1003, Stopping, standing or parking prohibited in specified places which provides, in relevant part:
A. No persons shall stop, stand or park a vehicle, except when necessary to avoid conflict with other traffic or in compliance with law or the directions of a police officer or traffic-control device, in any of the following places:
9. Within fifty (50) feet of the nearest rail of a railroad crossing.
. . . .
AUTHORITY:
47 O.S. § 11–1003(A)(9).
REQUESTED JURY INSTRUCTION NO. 23
There was in force and effect in the State of Oklahoma at the time of the occurrence, the following statute: Title 47 (Motor Vehicles) § 12–407, Certain Vehicles to Carry Flares or Other Warning Devices—Exceptions which provides that any truck operated outside of municipal limits must carry certain emergency equipment:
1. At least three flares, or three electric lanterns, each of which shall be capable of being seen and distinguished at a distance of five hundred (500) feet under normal atmospheric conditions at night time.
2. At least three red burning fusees, unless red electric lanterns are carried....
3. At least three red cloth flags, not less than twelve (12) inches square, with standards to support same.
... Or three portable reflector units on standards of a type approved by the Department [of Transportation].

¶6 On the instructions given, the jury returned a verdict for Trucker on both Railway's claims and Trucker's counterclaims. Railway filed a motion for new trial, alleging error in instruction of the jury. The trial court denied the motion for new trial, and Railway appeals.

¶7 "A trial court must instruct on issues raised by the pleadings and supported by the evidence." *Nail By and Through Nail v. Oklahoma Children's Memorial Hosp.,* 1985 OK 101, ¶9, 710 P.2d 755, 758. Where "it clearly appears that the instructions given or refus[ed] either caused a miscarriage of justice or led to a different verdict than would have been rendered but for this alleged error," the judgment should be reversed. *Nail,* 1985 OK 101, ¶11, 710 P.2d 755, 759.

¶8 In its first proposition, Railway complains the trial court erred in giving both a "greater-weight-of-the-evidence" and "clear-and-convincing-evidence" instruction. Here, Railway argues that when these conflicting instructions are read together with Instruction No. 14 on the elements of a negligence claim,[6] and Instruction 29 concerning

the "greater-weight-of-the-evidence" burden of proof to recover lost profits, the jury was certainly mislead to believe that Railway had to prove its negligence claim by "clear and convincing" evidence. *Eagle–Picher Min. & Smelting Co. v. Layton,* 1938 OK 222, ¶17, 77 P.2d 1137, 1139.[7] In the present case, because none of the claims or counterclaims required proof by "clear and convincing" evidence, we hold such an instruction could have only confused the jury, and should not have been given.

¶9 In its second proposition, Railway complains of the trial court's instructions defining both a train and a truck as a "vehicle," the operators of which are held to the same duties and obligations by the "rules of the road." Here, Railway first points out that the statutory definitions of "vehicle," "railroad" and "railroad train" are specifically expressed in mutually exclusive terms.[8] Railway secondly points out that the "rules of the road" for "vehicles" approaching an "intersection" and "railroad crossing" are completely different from the rules for operators of trains approaching a railroad crossing.[9]

AUTHORITY:
47 O.S. § 12–407.
REQUESTED JURY INSTRUCTION NO. 24
   In Oklahoma, the driver of a parked vehicle constituting a source of danger to other vehicles is generally bound to exercise ordinary or reasonable care to give adequate warning or notice to approaching traffic, and the duty exists regardless of the reason for stopping. The driver of the stopped vehicle must take precautions reasonably calculated to prevent injury, whether by use of lights, flags, guards, or other practical means. A failure to give such warning may constitute negligence, even in the absence of any specific duty imposed by governmental regulation.
Authority:
*Dirickson v. Mings,* 910 P.2d 1015, 1018 (Okla. 1996).

**6.** Instruction Number 14 provided:
   A party claiming damages has the burden of proving each of the following propositions:
First, that they have sustained damages;
Second, that the party from they seeks [sic] to recover was negligent;
Third, that such negligence was a direct cause of the damage sustained by the claiming party.
OUJI 9.1.

**7.** " 'Conflicting or contradictory instructions furnish no correct guide to the jury, and the giving thereof is erroneous. Instructions of this character are misleading, as the jury are not supposed to know when the judge states the law correctly and when incorrectly, and they should not be left to reconcile conflicting principles of law. The giving of contradictory instructions is ordinarily held ground for reversal. The error in giving incorrect instructions is not cured by giving correct instructions in conflict with them.' (Citations omitted.)"

**8.** *Cf.,* 47 O.S. § 1–186 (defining "vehicle" as "[e]very device in, upon or by which any person or property is or may be transported or drawn upon a highway, *excepting devices moved by human power or used exclusively upon stationary rails or tracks ....*"); *with,* 47 O.S. § 1–149 (defining "railroad" as "[a] carrier of persons or property upon cars operated upon stationary rails"); 47 O.S. § 1–151 (defining "railroad train" as "[a] steam engine, diesel, electric or other motor, with or without cars coupled thereto, operated upon rails.") (Emphasis added.)

**9.** *Cf.,* 47 O.S. § 11–403(d) (vehicle right-of-way at an intersection); *with,* 47 O.S. § 11–701 (vehicle must yield right-of-way to oncoming train at railroad crossing).

¶ 10 "[T]he operator of the train can assume the vehicle will obey the law." *Hamilton v. Allen,* 1993 OK 46, ¶ 13, 852 P.2d 697, 700. A train "engineer has a right to assume that one approaching the crossing has not omitted ordinary precautions imposed by law and will stop in time to avoid injury." *Jester v. St. Louis–San Francisco Ry. Co.,* 1965 OK 180, ¶ 13, 413 P.2d 539, 541–542. Oklahoma law clearly imposes on the operator of a train the duty to stop only upon observation of an obstruction, whether human or vehicular, when the train operator knows or should know that the vehicle or person will not clear the crossing in time to avoid the collision. *See, e.g., Missouri Pac. R. Co. v. Gordon,* 1939 OK 322, ¶ 24, 98 P.2d 39, 43 [10]; *Missouri, O. & G. Ry. Co. v. Lee,* 1918 OK 551, ¶ 28, 175 P. 367, 372.[11]

¶ 11 The duty of a motorist at a railroad crossing is different: "[A] vehicle nearing a railroad crossing must yield the right-of-way to an approaching train[.]" *Hamilton,* 1993 OK 46, ¶ 13, 852 P.2d at 700. A standard "lookout" instruction "does not adequately explain the duties of a motorist at a railroad crossing" where the motorist "has a continuing duty to remain alert at all times, including the time the tractor trailer remained on the tracks, until he reached a place of safety beyond the tracks." *Moore v. Burlington Northern R. Co.,* 2002 OK CIV APP 23, ¶ 13, 41 P.3d 1029, 1033.[12] Failure to so instruct constitutes prejudicial error. *Id.* We therefore hold the trial court erred in giving the "vehicle" instructions as applicable to Railway, and in failing to give Railway's requested instructions on-point.

¶ 12 In its third proposition, Railway complains of the trial court's refusal to instruct as requested concerning Trucker's federal and state legal duties to carry and deploy devices to warn of its stopped truck. Under the circumstances of this case, we agree. The evidence clearly showed the truck was stuck at the crossing for a sufficient time to permit placement of the mandated warning devices. Given the train operators' legally-permitted assumption that the truck would clear the crossing in time to avoid a collision, we believe a jury, if properly instructed in this respect, might well conclude that had Trucker not failed to deploy warning devices, the accident could have been avoided by giving the train operators notice of the immovable truck in time to stop.

¶ 13 The order of the trial court denying Railway's motion for new trial is therefore REVERSED and the cause REMANDED for new trial.

ADAMS, P.J., and BUETTNER, J., concur.

---

10. The "mere discovery of an object upon the track, not discernible to be a human being, does not impose upon the employees in charge of the train the duty to stop or lessen the speed of the train, *unless* the circumstances be such as to lead a reasonably prudent man to believe that the object was probably a human being." (Emphasis added.)

11. "[T]he doctrine of the last clear chance recognizes primary negligence on the part of the plaintiff, but that such negligence has ceased, and after such negligence has ceased that his condition of peril has been discovered by the defendant, and, notwithstanding the prior negligence of the plaintiff, the defendant might, by the exercise of ordinary care, have refrained from inflict-

ing any injury on plaintiff. When these conditions exist the courts universally permit the plaintiff to recover."

12. "[T]he trial court gave Instruction # 10 which stated, 'It is the duty of every operator of a vehicle to exercise ordinary care in keeping a lookout consistent with the safety of other persons.' This instruction, given often in auto collision cases, does not adequately explain the duties of a motorist at a railroad crossing. Bailey had a continuing duty to remain alert at all times, including the time the tractor trailer remained on the tracks, until he reached a place of safety beyond the tracks. This omission in instructing on the motorist's duty was prejudicial to Plaintiff,...."