GOODWIN, Adm'r, v. CONTINENTAL CASUALTY CO.

No. 25757. Dec. 10, 1935.

Rehearing Denied Jan. 14, 1936.

W. H. Gilliam, for plaintiff in error.

M. C. Rodolf and J. B. Houston, for defendant in error.

GIBSON, J. This cause originated in the court of common pleas of Tulsa county and comes here upon the alleged errors of the trial court in sustaining objections to certain evidence offered on the part of plaintiff and error in sustaining defendant's demurrer to plaintiff's evidence.

Plaintiff is the administrator of the estate of Cecil Goodwin, deceased, and the suit is upon an insurance policy issued by defendant on the life of the said Cecil Goodwin. One Carrie Lee Goodwin was the named beneficiary. The principal allegation in the petition pertinent to this appeal is as follows: "The said Cecil Goodwin was accidentally killed, to wit: Murdered; that thereafter the said Carrie Lee Goodwin heretofore mentioned was informed against, tried and convicted of the murder of Cecil Goodwin, and is now incarcerated and serving a term in the state penitentiary of the state of Oklahoma for said crime."

For the purpose of establishing the allegations of his petition that the beneficiary feloniously killed the assured and was duly convicted of the crime, plaintiff made proffer of the following evidence:

"Comes now the plaintiff and offers in evidence the docket of the district court of Tulsa county, state of Oklahoma, in case No. 5166, Criminal, being the State of Oklahoma v. Carrie Lee Goodwin, murder, and the files showing her subsequent conviction for manslaughter, and her incarceration in the state penitentiary at McAlester, Okla., for the crime of manslaughter, wherein the information shows that she was accused of inflicting the mortal wound upon the body of Cecil M. Goodwin, her husband, from which said mortal wound, inflicted by the said Carrie Lee Goodwin, the said Cecil M. Goodwin instantly died, the same being on the 15th day of August, 1930."

The court sustained objection to this offer and thereafter sustained defendant's demurrer to the evidence.

Plaintiff says that section 1616, O. S. 1931, is his authority for introducing the evidence offered. That section is as follows:

"No person who is convicted of having taken, or causes or procures another so: to take, the life of another, shall inherit from such person, or receive any interest in the estate of the decedent, or take by devise or legacy, or descent or distribution, from him, or her, any portion of his, or her, estate; and no beneficiary of any policy of insurance or certificate of membership issued by any benevolent association or organization, payable upon the death or disability of any person, who in like manner takes or causes or procures to be taken, the life upon which such policy or certificate is issued, or who causes or procures a disability of such person shall take the proceeds of such policy or certificate. * * *"

It may be conceded that a beneficiary in a policy of life insurance who feloniously takes or causes to be taken the life of the assured is thereby barred from collecting the insurance money: and that such rule applies in the absence of statute and is based upon public policy. Equitable Life Assurance Soc. v. Weightman, 61 Okla. 106, 160 P. 629. In the absence of statute to the contrary, or provision in the policy, a resulting trust arises by operation of law under which the rights of the beneficiary are vested in the estate of the assured. Id.

As a general rule a judgment of conviction or acquittal of a party charged with crime cannot be given in evidence in a civil action to prove or negative facts upon which it was rendered. This rule is supported by great weight of authority based upon various reasons, such as dissimilarity of the object of the actions, issues, procedure, and parties to the actions. 31 A. L. R. 262-264. We approve the rule as sound in principle, and hold that the same should apply to the facts in this case, unless it may be said that the statute (sec. 1616, supra) is sufficient to authorize the introduction of the beneficiary's conviction to establish the facts upon which such conviction was based.

The statute in question does not provide that a beneficiary who is convicted of having taken the life of the assured may not take the proceeds of the policy; it provides that "no beneficiary * * * who in like manner takes or causes or procures to be taken," the life of the assured. The section does not modify or change the rule of evidence as to proof of cause of death. It does not provide that a conviction of the beneficiary for the wrongful death of the assured shall work a forfeiture of the beneficiary's rights under the policy. We see no indication of legislative intent to permit the fact of conviction in such case to be taken as proof of the unlawful killing of the assured.

We therefore hold that the action of the trial court in excluding the record of conviction was not error.

The extent of the proof offered by the plaintiff in the present case concerning the cause of the assured's death was that the assured died as a result of a knife wound inflicted by the beneficiary. This fact the defendant admitted. No direct proof was offered or admission made that the wound was unlawfully inflicted. The demurrer to plaintiff's evidence, however, admits not only the death of the assured at the hands of the beneficiary, but also admits for the purposes of the demurrer all the facts which the evidence in the slightest degree tends to prove, and all reasonable inferences or conclusions which may be logically and reasonably drawn

from the evidence. Rawlings v. Ufer. 61 Okla. 299, 161 P. 183; Bean v. Rumrill, 69 Okla. 300, 172 P. 452; General Accident, Fire & Life Assur. Corp. v. Hymes, 77 Okla. 20, 185 P. 1085, 8 A. L. R. 318. When one takes the life of another, certain inferences concerning the facts surrounding such act immediately arise. One such inference is that there existed a design to effect the death. Section 2217, O. S.- 1931, provides: "A design to effect death is inferred from the fact of killing, unless the circumstances raise a reasonable doubt whether such design existed." It stands admitted, therefore, for the purposes of this proceeding that the beneficiary killed the assured with design to effect his death.

The word "design", as used in statutes relating to homicide, essentially implies premeditation. It implies a preconceived plan to carry out an intent (18 C. J. 970), and the intent so implied is necessarily an evil one.

The taking of human life may not be excused or justified except in strict accordance with the established law. Smith v. State, 14 Okla. Cr. 250, 174 P. 1107. The present case is entirely lacking in evidence indicating excusab'e or justifiable homicide The only logical and reasonable inference or conc'usion that may be drawn from the evidence as to cause of death is that the beneficiary killed the assured after premeditated design to effect his death, and that inference, under the circumstances of this case, is made necessary, and is incumbent upon the court, by reason of section 2217, supra.

There is a total absence of evidence indicating that the fatal injury was received by the assured as a result of his own connivance or that he had foreknowledge of impending injury. The policy in the present case insured against "loss of life * * * resu'ting exclusively from bodily injury which is effected sole'y by external, violent and purely accidental means. * * *" In construirg a similar clause in a policy of insurance, this court, in Union Accident Co. v. Willis, 44 Okla. 578, 145 P. 812, held as fol'ows:

"An injury intentionally inflicted by another upon the insured * * * is an injury inflicted through 'external, violent, and accidental means.' An injury is 'accidental', within the meaning of an insurance policy, although it is inflicted intentionally and maliciously by one not the agent of the insured. if unintentional on the part of the insured."

The evidence, with the inferences logically and reasonably to be drawn therefrom, is that the deceased was insured by defendant against loss of life resulting exclusively from bodily injuries effected solely by external, violent, and purely accidental means; that the policy was in fu'l force and effect when assured died; that he was unlawfully ki led by the beneficiary; that such killing was wholly accidental on the part of the assured within the meaning of the policy. and that the plaintiff was the duly qualified legal representative of deceased's estate.

Thus plaintiff, by his evidence, has shown that the defendant is answerable to him for the benefits due under the insurance policy by reason of the provisions of section 1616. supra; that there existed a defect of parties defendant by failure to join the beneficiary does not in any manner affect plaintiff's case; that defect may be cured by time'y and proper objection on the part of defendant if defendant so desires. Section 201, O. S. 1931; Helm & Son v. Briley, 17 Okla. 314, 87 P. 595; 47 C. J. 184, 198.

For the reasons stated, the judgment is reversed and the cause remanded, with directions to overrule defendant's demurrer and proceed with the trial of the cause.

McNEILL, C. J., and RILEY, BUSBY, and PHELPS, JJ., concur.