LAUGHLIN v. LAMAR.

No. 34158. Nov. 27, 1951.

237 P. 2d 1015.

Pierce, Rucker, Mock, Tabor & Duncan and James W. Shepherd, Jr., Oklahoma City, for plaintiff in error.

C. S. McCuistion and John W. Tyree, Lawton, for defendant in error.

DAVISON, J. This is an action wherein William Ray Lamar, plaintiff, seeks to recover from William L. Laughlin, defendant, damages for personal injuries received in an automobile and truck collision. Judgment for $2,000 was rendered for plaintiff upon a jury verdict, and the defendant has appealed. The parties will be referred to as they appeared in the trial court.

The sole proposition determinative of the case goes to the admissibility of certain evidence. Shortly after noon on the 21st day of May, 1948, plaintiff was driving a 1935 Ford car in a westerly direction on U. S. Highway No. 277 between Fletcher and Elgin, Oklahoma. Defendant, driving a 1948 Ford dump truck in the same direction on the same highway, overtook and started to pass plaintiff's car at a point where another road entered said highway from the south or left side. Plaintiff intended to turn left into the side road and the testimony is in sharp conflict as to whether or not he had started to turn when defendant attempted to pass. The two vehicles collided and this action was subsequently instituted by plaintiff to recover for personal injuries he allegedly received.

At the trial, over the objection of the defendant, plaintiff was permitted to introduce in evidence a justice of the peace criminal docket showing the filing of a criminal complaint against the defendant for reckless driving by reason of this collision and the receipt of $19 as payment of fine and costs. Predicated upon the admission of this record, extensive testimony of the justice of the peace about the entries made in the docket and related incidents, as well as that of defendant on cross-examination, was permitted to be introduced. There was no competent proof that defendant entered a plea of guilty to the reckless driving charge.

The general rule applicable to such evidence was stated by this court in the case of Goodwin v. Continental Casualty Co., 175 Okla. 469, 53 P. 2d 241, as follows:

"As a general rule, a judgment of conviction or acquittal of a party charged with crime cannot be given in evidence in a civil action to prove or negative facts upon which it was rendered. This rule is supported by great weight of authority based upon various reasons, such as dissimilarity of the object of the actions, issues, procedure, and parties to the actions."

The only exception to the general rule is where the defendant has pleaded guilty to the criminal charge. The reason for such exception was expressed in the case of Burbank v. McIntyre, 135 Cal. App. 482, 27 P. 2d 400, in the following words:

"It is a general rule that a judgment in a criminal prosecution may not be received in a civil action to establish the truth of the facts in which it was rendered, but an exception thereto is recognized where the defendant has entered a plea of guilty, such record then being admitted, not as a judgment establishing the fact, but as an admission against interest."

In the case of Piechota v. Rapp, 148 Neb. 442, 27 N.W. 2d 682, it was held that where defendant has pleaded guilty, only the plea of guilty is admissible. Other matters of record in the criminal case are not.

Although, in this jurisdiction, there is no recognized plea of nolo contendere, the facts in the instant case make it very similar to that type of a situation. The general rule, where that plea is available and has been entered, is that neither the plea nor any other part of the criminal case is admissible in evidence in a subsequent civil suit involving the same occurrence. The reason for the rule is that there is no admission against interest by the defendant. See Federal Deposit Ins. Corp. v. Cloonan, 165 Kan. 68, 193 P. 2d 656. This is the same conclusion reached by all federal courts where the question has arisen.

In the case at bar no plea of guilty by the defendant in the criminal action was shown, and therefore any evidence relative to the criminal charge was inadmissible and highly prejudicial.

The judgment is reversed and the cause remanded for a new trial.

HALLEY, V. C. J., and GIBSON, JOHNSON, and BINGAMAN, JJ., concur. CORN, J., concurs in result.