**ZUMWALT v. MORAN.**
No. 34315.

Supreme Court of Oklahoma.
July 14, 1953.

Butler & Rinehart, Oklahoma City, for plaintiff in error.

Robert H. Sherman and Neva Martin, Oklahoma City, for defendant in error.

CORN, Justice.

This action was brought by the plaintiff, Anna Moran, against the defendant, Julian H. Zumwalt, for alleged damages growing out of an automobile accident. The parties will be referred to herein as they appeared in the trial court. The case was tried to a jury, and a verdict and judgment rendered for the defendant. Thereafter the plaintiff filed a motion for new trial and set up:

"Third: Error of the court in refusing to permit the plaintiff to introduce evidence showing that the defendant herein had pleaded guilty to a charge of reckless driving in the Justice of the Peace Court at Norman, Oklahoma, and paid a fine of $10.00 and $8.60 court costs, growing out of the collision in this case, on the grounds that the same is his declaration or admission against interest."

After due consideration of this motion the trial court entered the following order:

"It is therefore considered, ordered, adjudged and decreed by the court that said Motion for New Trial, upon said third ground, and upon said third ground alone, be and the same is hereby sustained. * * *"

In the trial of the case on cross-examination of the defendant, the following is shown in the record:

"Q. Now, in other words, your statement is that it just wasn't your fault? Is that it? A. That's the way I see it, sir.

"Q. I will ask you if, as a matter of fact, you didn't plead guilty and

pay a fine of $10.00 for reckless driving in the Justice of the Peace Court in Norman, just a few days thereafter? A. Would you repeat that question, please?

"Q. I will ask you if, as a matter of fact, you didn't plead guilty to a charge of reckless driving, and pay a fine of $10.00 and $8.60 as court costs, in the Justice Court at Norman, for reckless driving?

"Mr. Rinehart: To which we object as being incompetent, irrelevant and immaterial, not tending to prove or disprove any issue in this case, prejudicial to the rights of this defendant.

"Mr. Sherman: If the Court please, that is admissible, and it is competent; it is a declaration against interest.

"The Court: The objection will be sustained.

"Mr. Rinehart: We ask the court to admonish the jury to disregard the question.

"Mr. Sherman: Do I understand the court to rule he cannot answer that question?

"The Court: Yes, sir, objection is sustained.

"Mr. Sherman: Exception. That is all.

"Mr. Rinehart: We rest. If the court please, we renew our request that the court admonish the jury to disregard the question of counsel here.

"The Court: When objection to any testimony is sustained, of course, the jury is not to regard the testimony to which the objection has been sustained and not admitted in evidence.

"Mr. Sherman: Exception."

The authorities cited and relied upon by the defendant for reversal are not applicable to the facts in this case. In 31 A.L.R. 262, under the general heading of "conviction or acquittal as evidence of facts on which it was based, in a civil action," we find:

"The rule supported by the great weight of authority is to the effect that a judgment of conviction or acquittal rendered in a criminal prosecution cannot be given in evidence in a purely civil action to establish the truth of the facts on which it was rendered."

In 31 A.L.R. 278, Sec. 5, "Conviction based on confession of guilt," we find:

"An exception to the rule that a judgment in a criminal prosecution cannot be received in a civil action, to establish the truth of the facts on which it was rendered, has been held to arise where the defendant in the criminal case pleaded guilty, and the record showing such plea is offered in evidence in a civil action against him growing out of the same offense, such a record being admitted not as a judgment establishing the fact, but as the deliberate declaration or admission against interest that the fact is so, or, in other words, a solemn confession of the very matter charged in the civil action."

In 11 L.R.A.,N.S., 662, it is said:

"An exception to the rule that a judgment in a criminal prosecution cannot be received in a civil action to establish the truth of the facts on which it was rendered, arises where the defendant in the criminal case pleaded guilty, and the record showing the plea is offered in evidence in a civil action growing out of the same offense. But in such cases the record is admitted, not as a judgment establishing the fact, but as the deliberate declaration or admission of the party himself that the fact is so."

In a note following the case of Spain v. Oregon-Washington R. Etc. Co., 78 Or. 355, 153 P. 470, reported in Ann.Cas.1917E, page 1109, on the question of Admissibility in Subsequent Civil Action of Judgment of Conviction Based on Plea of Guilty, it is said:

"While it is well settled that a conviction in a criminal prosecution is not an adjudication binding the defendant in a subsequent civil action based on the same facts— * * *, a plea of guilty is an admission of the matters alleged in the indictment or criminal complaint and the judgment entered thereon is admissible in a civil action

involving the same issues as proof of that admission."

In 20 Am.Jur. 545, Sec. 648, it is said:

"The record in a criminal case showing a plea of guilty by the accused is admissible in a subsequent civil action against him arising out of the same offense as his deliberate declaration or admission against interest."

In the trial of a civil action for damages caused by an accident where the defendant had pleaded guilty in a criminal action arising out of the same accident, and after he had testified that the cause of the accident was not his fault, it was competent on cross-examination, for the purpose of laying a proper foundation to introduce the record in the criminal case, if he denied the same, to ask him if he pleaded guilty in the criminal case and the trial court erred in sustaining an objection thereto.

The defendant contended that the accident was not caused by his negligence, but was caused by the negligence of the plaintiff. We will not discuss the sufficiency of the evidence to establish this fact, as this case perhaps will be retried. But assuming that the evidence was sufficient to establish this fact, as so found by the jury, then the error of the trial court in excluding the above evidence becomes apparent. The jury may have labored under the impression that the plaintiff was unfair in his cross-examination of the defendant to the extent that he was trying to obtain a verdict by injecting evidence in the trial of the case that was wholly incompetent and highly prejudicial to the defendant's rights, based upon the ruling of the trial court.

We hold this ruling was error, and the trial court was correct in sustaining the motion for a new trial.

Judgment affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and WILLIAMS and BLACKBIRD, JJ., concur.

DAVISON and ARNOLD, JJ., concur in conclusion.

O'NEAL, J., dissent.