Jerry DOVER, a Minor, by and through his
father and next friend, Kyle Eudell
Dover, Plaintiff in Error,

v.

Juanita Lea SMITH, Defendant in Error.

No. 40037.

Supreme Court of Oklahoma.

July 9, 1963.

Rehearing Denied Oct. 1, 1963.

Charles A. Whitebook, Frank R. Hickman, Tulsa, for plaintiff in error.

Best, Sharp, Thomas & Glass, Joseph M. Best, Joseph A. Sharp, Tulsa, for defendant in error.

PER CURIAM.

In the trial court, plaintiff Jerry Dover, a 5 year old boy, by and through his father and next friend, Kyle Eudell Dover sued the defendant, Juanita Lea Smith, for damages resulting from an automobile accident, at a street intersection in Claremore, in which automobiles driven by defendant and plaintiff's father were involved. Plaintiff was a passenger in the automobile driven by his father. Plaintiff alleged that the accident was caused by the negligence of defendant in several particulars. Defendant's answer was a general denial with affirmative allegations of unavoidable casualty, and that the accident was caused by the negligence of plaintiff's father.

Verdict and judgment were for defendant and plaintiff appeals. He argues two propositions:

The first consists essentially of a discussion and analysis of the evidence in a light favorable to plaintiff, followed by the argument that the facts "without question" show conclusively that defendant was guilty of negligence. The record does not support this argument. Defendant testified, among other things, that "I stopped and I looked and didn't see anything, and I started across". She testified that at the time of the impact she was driving about 5 miles per hour. The further fact that the testimony of plaintiff's father sharply contradicted that of the defendant in some particulars is of no consequence; it is too well settled to require citation of authority that conflicts in the evidence are to be resolved by the jury. By its verdict for defendant, the jury in this case resolved all conflicts in her favor.

In an action of legal cognizance, where there is a substantial conflict in the evidence on a material issue, it is not error to refuse to direct a verdict. Standard Pipe and Supply Co. v. Oil State Pipe Co., 145 Okl. 143, 292 P. 12.

When a jury has returned its verdict the trial court is without jurisdiction to enter judgment non obstante veredicto, unless the party in whose favor such judgment is sought would be entitled to judgment on the pleadings, or the jury has returned special findings of fact contrary to the general verdict. Gawf v. Gawf, 206 Okl. 73, 240 P.2d 1095. In this case, no special findings of fact were made by the jury, and it is not contended, and the record does not show, that plaintiff was entitled to judgment on the pleadings.

We hold that the trial court did not err in overruling plaintiff's motion for directed verdict and his motion for judgment notwithstanding the verdict.

Plaintiff's second proposition is that the court erred in instructing the jury that under the ordinances of the city of Claremore, the speed limit at the place of the accident was 20 miles per hour.

In that connection, the record shows that plaintiff introduced in evidence a copy of a Claremore ordinance providing that the city council, on its own motion, or on recommendation by the chief of police, could by motion or resolution increase or decrease the speed limit upon any of the streets of Claremore. Thereafter, defendant presented as a witness the city clerk, who testified that the ordinances of the city of Claremore provided for a speed limit of 20 miles per hour at the place of the accident. There was also evidence of "conflicting" signs on the street where the accident happened—some showing a limit of 20 miles per hour, and some showing a limit of 30 miles per hour. However, there was no evidence at all that the council had, by motion or resolution, changed the speed limit of 20 miles per hour previously established by ordinance. Under those circumstances, we cannot say that the court erred in instructing the jury that city ordinances provided for a speed limit of 20

**289**

miles per hour. In this connection see Riss & Company v. Reed, Okl., 301 P.2d 208.

■ Plaintiff also argues that under the record in this case, defendant was guilty of negligence per se, and that the issue of her liability should have been decided in his favor by the court, with the question of the amount of damages only left to the jury. This argument arises by reason of the following testimony of defendant on cross-examination:

"Q. (Mr. Hickman): Were you charged, Mrs. Smith, for failing to yield from a stop sign in this case?

"A. Yes.

"Q. *And were you convicted?*

"A. I paid a fine.

"Q. *You were convicted* and paid a fine, isn't that correct, Ma'am?" (Emphasis supplied)

Without setting out the rest of the testimony along this line, it is sufficient to say that there is no testimony that Mrs. Smith pleaded guilty to the offense charged.

■■ It is well settled that, under proper circumstances, a plea of guilty to a traffic offense may be shown in evidence in a civil action for damages arising out of the same offense, as a declaration or admission against interest. Zumwalt v. Moran, Okl., 260 P.2d 725; 18 A.L.R.2d 1307. However, it is equally well settled that a judgment of conviction is not admissible, in a civil case, as evidence of the facts upon which it is based. Goodwin v. Continental Gas. Co., 175 Okl. 469, 53 P.2d 241; 18 A.L.R.2d 1290; Laughlin v. Lamar, 205 Okl. 372, 237 P.2d 1015.

Since the record before us does not show that Mrs. Smith pleaded guilty to the traffic offense concerned, plaintiff's argument that she was guilty of negligence per se is without merit.

The judgment of the trial court is affirmed.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, JOHNSON, WILLIAMS, IRWIN and BERRY, JJ., concur.

The Court acknowledges the aid of Supernumerary Judge W. LESLIE WEBB, in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.