Conway HAYNES, Jr., Plaintiff in Error,

v.

Jimmy R. ROLLINS, a minor, by his Mother and Next Friend, Ruby M. Rollins, Defendant in Error.

No. 41523.

Supreme Court of Oklahoma.

Sept. 19, 1967.

Charles W. Stubbs, Oklahoma City, for plaintiff in error.

Warren H. Crane, Lawton, for defendant in error.

LAVENDER, Justice.

This is an action for the recovery of damages for personal injuries and property damages resulting from a collision between two automobiles.

The question urged on appeal as determinative of the case is: When a timely objection is made, is it reversible error for the trial court to permit plaintiff's counsel on cross-examination of defendant to inquire concerning whether the defendant was convicted of an offense arising out of the accident which is the basis for the civil suit for damages? We are of the opinion that such question should be answered in the affirmative.

On December 7, 1963, Jimmy R. Rollins, age seventeen, parked his 1951 model car on the north side of Garfield Avenue in the City of Lawton, Oklahoma, headed in an easterly direction. He was waiting for a friend and the latter's girl friend to get in the car. It was completely dark at that hour. As Rollins sat there in his car, he noticed Conway Haynes, Jr.'s car coming from the east toward him. When Haynes was yet some twenty or more feet away, Rollins suddenly turned on his headlights, whereupon Haynes applied his brakes but

was unable to stop before his car struck Rollins' vehicle. The right front of Haynes' car struck the similar portion of the Rollins car. When the cars collided Rollins was thrown forward so that his mouth came in contact with his steering wheel, resulting in some injury to his teeth and mouth. Haynes was also injured.

The accident was apparently not witnessed by anyone except Rollins and Haynes. The police officer who investigated the accident testified that in his opinion Mr. Haynes was " * * * under the influence of intoxicating beverage enough to be placed in jail. The man was taken into custody." This answer was received over the objection of Haynes' counsel.

At the trial of the cause, which was before a jury, defendant Haynes was asked on cross-examination if he had ever been convicted of a crime, which he answered in the affirmative. He was then asked the nature of the charges of which he was convicted, and he answered "D.W.I." (Driving While Intoxicated). Plaintiff's counsel continued to press:

"Q. * * * And when were you convicted?

"A. In May of this year.

"Q. Let me ask you this: on this conviction, didn't it arise out of this transaction?

(objection) (overruled)

"Q. I will ask you again, did this conviction that you have testified to, didn't it involve out of this accident?

"A. No, sir.

"Q. You mean that the conviction that you had for D.W.I. didn't have anything to do with this?

(objection) (overruled)

"Q. I am asking you on this December the 7th, on that time were you not later convicted of driving while intoxicated?

"A. Yes, sir.

"Q. And you were convicted and served a term in this county, did you not? That is true, is it not?

"A. yes, sir."

During the cross-examination of one of defendant's witnesses, Mr. Robinson, reference is again made to some former trial when the witness was asked if he had not testified before for Haynes, in the very same courtroom, to which he answered in the affirmative.

During the opening of plaintiff's summation, which appears in the record, we find further references to defendant's conviction of "D.W.I.": " * * * while he (Haynes) testifies that he was not intoxicated, but he also testifies that he had been convicted of driving while intoxicated at that time and under those conditions and in this courtroom. * * *" And, during the closing: " * * * the rules say that you are not to drive while you are intoxicated. Nobody picks any quarrel with that rule because we believe in it, and the State has exacted its penalty here; but at the same time this plaintiff was damaged. * * *" And, again: " * * * Conway Haynes has paid his debt to the State. I am not interested in that, but at the same time when he was doing that, when he was driving drunk, he was also being negligent as far as the plaintiff was concerned. * * *"

A verdict for the plaintiff was returned by the jury, and the trial court entered judgment thereon. Defendant Haynes' motion for new trial was overruled, and he has appealed.

Before discussing our reasons for holding that the evidence of the criminal conviction was inadmissible in the civil action, we wish to note that no objection was made either at trial or here concerning the inquiry made by plaintiff's counsel of defendant's previous convictions of crime, such inquiries being proper (defendant admits) to affect the credibility of the witness/defendant. We should also remember that Haynes did not plead guilty to the offense based on the facts giving

rise to the civil action. It is elementary that in this jurisdiction such pleas are admissible as admissions against interest.

Although plaintiff in his brief argues that the evidence of the criminal conviction was admissible because it affected the credibility of the defendant, it does not appear to us from the record that plaintiff's counsel elicited the testimony for that purpose. If this were true, plaintiff's counsel would have stopped making further inquiries after he had established (1) that defendant had been convicted of previous crimes and (2) the nature of such offenses.

It is also worth noting that plaintiff in his petition alleged that Haynes was driving his automobile at the time of the accident while he was in an intoxicated condition. Thus the question of defendant's intoxication was one of the primary issues in the case.

It is clear to us, from the record, that the evidence of the defendant's conviction was employed to prove one of the issues in the trial of the civil action. It is equally clear that by permitting such evidence to go to the jury they were in effect told that the issue of whether Haynes was in fact driving his automobile while under the influence of intoxicating liquor had already been established.

The cases cited by plaintiff supporting the use of the above evidence as affecting the credibility of the witness simply do not reach the issue, as we see it.

Therefore, considering the true effect and purpose of the evidence, it remains for this court to determine whether it was admissible.

In 18 A.L.R.2d 1290 § 2, "Conviction; exclusion, generally." appears the following statement:

"A number of cases * * * have continued to recognize the traditional rule that a judgment of conviction is not admissible, in a civil case, as evidence of the facts upon which it was based."

Citing cases from a number of states, including Goodwin v. Continental Cas. Co. (1935), 175 Okl. 469, 53 P.2d 241.

The cited Oklahoma case involved an action by the administrator of the estate of one Cecil Goodwin, deceased, to recover from an insurance company the proceeds of a life insurance policy. The policy was payable to the decedent's wife, however, and the company refused to pay the money to the insured's administrator. Plaintiff sought to prove that the named beneficiary had caused the death of the insured, and, therefore, under a statute of Oklahoma then in effect, she could not receive the insurance proceeds. Plaintiff offered to prove in support of this issue a court record reflecting the conviction of the beneficiary of the crime of manslaughter committed upon the insured. The record showed that the beneficiary was then serving a sentence in the state prison for the crime. Such offer of proof was rejected by the trial court, and its action was approved by this court. We there pointed out that the dissimilarity of the object of the actions (civil as compared to criminal), issues, procedure and parties furnishes sufficient reasons to reject a judgment of conviction (or acquittal) of a party in a criminal action to prove or negative facts upon which such judgment of conviction was rendered. In Goodwin we approved the rule as sound in principle, and although we are still of the view that such rule is sound we do not express an opinion that we would, or would not, adhere to the rule should the same factual situation as appeared in Goodwin be again presented to us. Suffice to note that there is a trend noticeable in the more recent cases to recognize an exception to the rule where the convicted criminal attempts, in a civil action, to reap the fruits of his own criminal acts. Under such circumstances some courts have held the rule of evidence yields to the more substantial concern of the policy of the law in achieving true justice.

We see no similar reason for concern, however, in the ordinary automobile ac-

cident case such as here where the defendant has entered a plea of not guilty to a traffic violation arising out of the accident and has been convicted of such offense prior to the trial of the civil action.

We believe that Oklahoma should remain with the majority of her sister states in excluding such evidence. This rule is the better reasoned rule and is more conducive to orderly trial and disposition of traffic charges which arise out of automobile collisions as well as civil damage suits resulting therefrom. For similar ·expressions of this court since Goodwin, see Dover v. Smith, Okl., 385 P.2d 287, and·Laughlin v. Lamar, 205 Okl. 372, 237 P.2d 1015.

The·judgment of the trial court is reversed and the cause is remanded with directions to grant defendant a new trial.

All the·Justices concur.