Jess HELDENBRAND, Plaintiff in Error,

v.

Robert R. LESTER, Commissioner of Public Safety, Defendant in Error.

No. 43500.

Supreme Court of Oklahoma.

Sept. 8, 1970.

Rehearing Denied Oct. 13, 1970.

Martin & Kisner, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

WILLIAMS, Justice.

Plaintiff in error brings the present appeal from a judgment of the trial court affirming an order of the Commissioner of Public Safety, hereinafter called defendant or Commissioner, suspending for a period of sixty days a motor vehicle operator's license theretofore issued to him. Reference to the plaintiff in error hereinafter will be as plaintiff, as in the trial court.

The basis of defendant's order was a recent purported conviction of plaintiff on the charge of speeding in the justice of the peace court in McClain County and a file of abstracts of convictions in former cases and warnings previously given the plaintiff by officers of the Oklahoma Highway Patrol.

In a letter sent to plaintiff by the Commissioner dated February 20, 1969, and testified by plaintiff to have been received by him the following day, plaintiff was notified his described operator's license had been suspended for 60 days pursuant to authority of Title 47 (O.S.1961) Section 6–206(b).

The receipt of that order precipitated the filing by plaintiff of his suit in the trial court. In that order it was stated: "You pled guilty to the offense of speeding on January 3, 1969 in the Justice of Peace Court, McClain County, Purcell, Oklahoma, and your previous traffic record."

The question presented for our determination in this appeal is whether the Commissioner of Public Safety and on appeal, the courts, in determining the propriety of suspending a motor vehicle operator's license, are lawfully authorized to take into consideration an abstract of judgment of a justice of the peace court purportedly convicting the operator allegedly on a plea of guilty to a minor criminal offense and adjudging that he pay a small fine and costs, where it is claimed that the defendant did not appear in person and so enter any plea. Our answer is that in this case he and they are so authorized.

A further question is as to whether the Commissioner abused his discretion in the action taken. We hold he did not.

There are certain statutes of our State with which we are particularly concerned in this appeal. One of these is 47 O.S. 1961, § 11–807(c). As applied to the facts of the instant case, it in effect provides that every person convicted of speeding (in the operation of a motor vehicle) "shall be guilty of a misdemeanor and upon conviction shall be fined in a sum of not less than Ten Dollars ($10.00) and not more than Two Hundred Dollars ($200.00), or shall be sentenced to serve a term of not less than five days nor more than thirty days in jail, or by both such fine and imprisonment." (This provision is a part of Article VIII—Speed Restrictions of Chapter 11, Rules of the Road of the Uniform Vehicle Code, Chapter 10b of Title 47, see p. 386, S.L. of Oklahoma, 1961).

In brief the Attorney General cites another of our statutes, 47 O.S.1969 Supp. § 17–101(b). In pertinent part it provides as follows:

"Any person violating the provisions of Chapters 10, 11, 12, 13, 14, or 16, where a jail sentence is not mandatory may, in the discretion of the County Attorney wherein the offense occurred, be permitted to enter a plea of guilty by written statement by the person charged to be presented to the court wherein the case is filed. A remittance covering the fine and costs may be considered and received with the same force and effect as a written plea of guilty."

It is argued that the general rules cited by plaintiff "are subject to rules which more specifically govern this particular area" (Uniform Vehicle Code). We agree.

Still another of our statutes, 47 O.S. 1961, § 18–101, provides that all magistrates and judges shall keep or cause to be kept records of traffic offenses charged and send the Department of Public Safety an abstract containing specified information with reference thereto including plea,

judgment, forfeiture of bail, etc., certified as true and correct.

Still another applicable statute is 47 O. S.1961, § 6–206. It provides for the reporting by the courts of convictions of traffic offenders, the suspension by the Department of Public Safety of their operators' licenses (for not exceeding twelve months) and for the right of appeal.

Plaintiff's driving record was introduced in evidence in the trial from which the present appeal arises by the Commissioner. Exhibit 1 of defendant consists of a number of certified photo-copies of legal instruments. Most of these are described hereinafter, some categorically and some in greater detail. Such exhibit was received in evidence over the objection of plaintiff of effect that the instruments therein contained were "incompetent, irrelevant and immaterial." Admission was there made that "they have been properly identified."

Defendant's Exhibit 1 consisted in part, among other items, of certified photo copies of instruments on file with the Accident Records Division of the Department of Public Safety of the State of Oklahoma. Some of these were the original (or duplicate original) copies of respectively numbered "Oklahoma Uniform Violations Complaints" signed by the respective troopers and furnished the various courts in which plaintiff was charged, and containing written promises signed by plaintiff as authorized by statute that he would appear in the respectively named courts at designated addresses on dates and at times written therein. Some were abstracts of records signed by the judges or clerks of the respective courts showing date and disposition of the respective charges and reflecting 5 purported convictions of plaintiff of the offense of speeding in Oklahoma courts and 1 in a Texas court respectively stated to be on pleas of guilty entered by plaintiff, 2 others in Oklahoma courts where fines and costs purportedly were paid but no statement that plaintiff actually had entered pleas of guilty was made and still 2 other purported Oklahoma

convictions, including one for speeding likewise, in which it was not stated that plaintiff had entered a plea of guilty.

As admitted in brief of plaintiff in error, "This record reflects information transmitted to the office of the Commissioner of Public Safety by the various courts throughout Oklahoma in which the plaintiff in error had been 'convicted' of different traffic violations including speeding, improper passing, improper left turn and following too close."

The described exhibit further contained respective acknowledgments signed by plaintiff of receipt by him of each of 10 different "Department of Public Safety, Oklahoma Highway Patrol Warnings" for commission by him of alleged specific traffic offenses including 2 for speeding at night and 1 for travelling too fast on a wet road at night (80 m. p. h.).

Plaintiff had been warned in a personal interview that a further conviction could lead to a suspension of his operator's license.

Within less than 5 months from the date of that interview plaintiff was stopped by a highway patrolman in McClain County and acknowledged in writing over his signature "without admitting guilt" that, following detection by radar, he had been charged with having committed, on the date and at the time stated the offense of speeding at the rate of 80 miles per hour in a 70 miles per hour zone on Interstate Highway 35 at a point 10 miles north of Purcell.

The abstract of the court record with reference to disposition of that charge shown in defendant's exhibit 1 of defendant reflects that on January 3, 1969, on plea of guilty, the Justice of the Peace before whom plaintiff in error was charged, ordered him to pay a fine of $10.00 and $15.00 costs.

On the witness stand in the trial court, plaintiff stated that on the occasion of his last arrest he was rushing to Ada to see about a leak in a waterline under the floor of his nursing home there which had

caused the duct-work of the heating units to be filled with water, this in turn causing condensation to be carried to the ceilings and the water to drip on his elderly guests.

It was suggested by his counsel that while no contest was made but that plaintiff caused his fine and costs to be mailed in to the Justice of the Peace where he had been charged, it was doubted that this amounted to a lawful entry of a plea of guilty to the charge against him.

As above suggested, the trial court affirmed the 60-day suspension of the plaintiff's operator's license and from that action and overruling of his motion for new trial he has brought the present appeal, pursuant to the provisions of 47 O.S.1961, § 6–211, now 47 O.S.1969 Supp. § 6–211.

In brief in support of his first assignment of alleged error, plaintiff's counsel reminds this Court that he objected to the introduction in evidence of defendant's exhibit 1, arguing here that it was incompetent.

Counsel makes the point that plaintiff did not in fact plead guilty in the justice of the peace court on January 3, 1969, and that there is therefore no basis upon which to have entered the order suspending his operator's license. His argument is that an individual defendant in a criminal case (as opposed to a corporate defendant) may lawfully enter a plea of guilty and be convicted upon such a plea so entered only orally, in person, in open court, with the court's minutes reflecting such facts, citing 22 O.S.1961, §§ 513, 514 and 516 and the cases of Quick v. State, 75 Okl.Cr. 243, 130 P.2d 102; Mougell v. State, 97 Okl.Cr. 180, 260 P.2d 447; Laughlin v. Lamar, 205 Okl. 372, 237 P.2d 1015; Dover v. Smith, Okl., 385 P.2d 287, 289; and Haynes v. Rollins, Okl., 434 P.2d 234.

The cases cited tend to bear out counsel's argument. That is not to say, however, that plaintiff is necessarily entitled to a reversal of the decision of the trial court affirming the suspension of his motor vehicle operator's license.

Let us assume for the moment, without deciding that counsel's unverified statement presented to trial court and in brief here that plaintiff in error merely had his secretary mail in his check to the Justice of the Peace, is true. We think it is to be remembered that this appeal is not one constituting a direct attack on (appeal from) the conviction. Rather, apparently plaintiff in error would have us hold that the trial court in the proceeding before it lawfully could not consider the purported January 3, 1969, Justice of the Peace action as either a plea of guilty or conviction.

In Ashcraft v. State, 68 Okl.Cr. 308, 98 P.2d 60, 66–68 at p. 68 the Court of Criminal Appeals (as now designated) said:

"The legislative intent then is clearly made to appear as leaving it within the discretion of the Commissioner of Public Safety to suspend or revoke the license under Section 26 of the Act [§ 26, Art. 5, Chap. 50, S.L.1937, P. 344, S.L. 1936–37, 47 O.S.A. § 296, 47 O.S.1951, 296, now, and as amended to date, 47 O.S.1961 6–206] in all cases other than those specifically mentioned and named in Section 25, of the Act," (mandatorily requiring revocation upon conviction of certain more serious offenses with which we are not here presently concerned).

In Dover v. Smith, Okl., 385 P.2d 287, 289, this Court said:

"It is well settled that, under proper circumstances, a plea of guilty to a traffic offense may be shown in evidence in a civil action for damages arising out of the same offense, as a declaration or admission against interest. Zumwalt v. Moran, Okl., 260 P.2d 725; 18 A.L.R.2d 1307. However, it is equally well settled that a judgment of conviction is not admissible, in a civil case, as evidence of the facts upon which it is based. Goodwin v. Continental Gas. Co., 175 Okl. 469, 53 P.2d 241; 18 A.L.R.2d 1290; Laughlin v. Lamar, 205 Okl. 372, 237 P.2d 1015."

**152**

As has been suggested herein, there is a difference between a suit between citizens seeking damages from each other where one driver seeks to lay the blame for an automobile collision on the other driver, based upon plea of guilty by the latter to the commission of a criminal offense by his manner of driving on the occasion complained of, on the one hand, and an effort on the part of the State Department of Public Safety to use an abstract of such a driver's purported conviction on a plea of guilty in his absence even by paying a fine by mail, on the other.

■ In view of the facts hereinabove recited and the foregoing discussion, we can only conclude that the Commissioner was fully authorized in considering the abstract of the record of plaintiff's conviction on his purported plea of guilty to speeding in the McClain County Justice of the Peace Court as above set forth.

Plaintiff's second proposition is of effect that the Commissioner abused his discretion and acted arbitrarily and capriciously in suspending plaintiff's operator's license and that the trial court in turn did likewise in sustaining the Commissioner's action. We do not agree.

The argument runs that while plaintiff admittedly exceeded the lawful speed limit on occasion, he did not have an accident or drive while intoxicated "according to the testimony of" "a member of the staff of the Commissioner" or maim or kill anyone or damage any property.

■ The matter of suspension of plaintiff's operator's license was discretionary with the Commissioner. 47 O.S.1961, § 6–206(b); Gentry v. Blinn, 184 Okl. 9, 84 P. 2d 27, 29; State v. Moyers, 86 Okl.Cr. 101, 189 P.2d 952, 957; and Ashcraft v. State, 68 Okl.Cr. 308, 98 P.2d 60, 66–68.

In Commonwealth of Pa. v. Baumer, 212 Pa.Super. 372, 243 A.2d 472, hardship based on the fact that licensee operated a taxi service and did not have a substitute driver was held by the court of that jurisdiction not to be a valid ground for reversal of suspension of motor vehicle opera-tor's license where suspension was based upon conviction for exceeding speed limit by 16 miles per hour. See also the cases of Commonwealth of Pa. v. Virnelson, 212 Pa.Super. 359, 243 A.2d 464, 470, concerning a nurse convicted of a traffic offense and whose automobile driver's license had been suspended, and Commonwealth of Pa. v. Wall, 212 Pa.Super. 376, 243 A.2d 475, 476 involving a physician.

In our view, under the state of facts appearing in this record no abuse of discretion at either level has been demonstrated.

The judgment of the trial court is affirmed.

All of the JUSTICES concur.