**Lois B. WALKER, Appellant,**

v.

**Janet FORRESTER and Safeco Insurance Company of America, Appellees.**

No. 66396.

Supreme Court of Oklahoma.

Sept. 27, 1988.

Rehearing Denied Dec. 6, 1988.

Andrew Hamilton, Mark T. Koss, Oklahoma City, for appellant.

Linda G. Alexander, Oklahoma City, for appellee Forrester.

Chris J. Collins, Mary Quinn–Cooper, Oklahoma City, for appellee Safeco.

SIMMS, Justice:

Certiorari to the Court of Appeals, Division I. We vacate the opinion of the Court of Appeals and Affirm the judgment entered by the District Court on a jury verdict for defendant/appellee. The following facts are undisputed.

Appellant and appellee were involved in a two car accident in which the appellant's car was struck from the rear by the car driven by the appellee. At the time, the appellant had stopped her car while in the inside lane of a four lane Oklahoma City street, preparing to turn left onto an intersecting street. The impact of the collision caused the appellant to lose control of her car which then crossed the street, continued onto the front yard of a residence and collided into the side of the residence, demolishing the side of the house. There were no serious injuries at the scene.

Appellee received a traffic citation from the investigating police officer, which she paid by mail. She was cited for "Failure to Devote Attention to Driving". Appellant subsequently filed suit in District Court, alleging negligence.

Prior to the commencement of trial, the appellee presented a motion in limine to exclude all mention of the fact that she had received, and paid, a traffic citation. Over the appellant's objection, both in limine and during trial, the court sustained appellee's motion to exclude this information. The jury returned a defendant's verdict, and it is the court's ruling with respect to the traffic citation which formed the basis for the instant appeal.

The Court of Appeals, Division I, basing its result on 22 O.S.Supp.1982, § 1114.7, concluded that it was error for the trial court to sustain the appellee's motion in limine; that appellee's payment of a traffic citation by mail constituted a plea of guilty, and that the appellant was prejudiced by its exclusion. That court reversed the district court and remanded the case for a new trial.

I.

The record in this case contains no proof that the appellee ever pleaded guilty to her traffic citation. To the contrary, in her deposition the appellee stated that she simply mailed the fine to the municipal court clerk. To be precise, the appellee's deposition testimony is descriptive of plea of nolo contendere.[1]

Our cases have made it abundantly clear that such evidence is only admissible in a subsequent civil proceeding when it is shown that the defendant voluntarily and knowingly entered a plea of guilty to the traffic citation. See, *Dover v. Smith*, Okl., 385 P.2d 287, 289 (1963); *Laughlin v. Lamar*, 205 Okl. 372, 237 P.2d 1015, 1016 (1951); *Goodwin v. Continental Casualty Co.*, 175 Okl. 469, 53 P.2d 241, 242 (1935). See, also: *Neuner v. Clinkenbeard*, 466

---

1. The deposition testimony is as follows, responding to questions from appellant's counsel:
   "Q. Did you receive a citation in this accident?
   A. Yes, I did.
   Q. What was that for?
   A. Failure to devote time to driving, full-time and attention.
   Q. How was that disposed of?
   A. I just paid it.
   Q. Did you enter a plea or anything like that?
   A. No.
   Q. You just paid the ticket?
   A. Uh-huh.
   Q. Did you contest it in any way?
   A. Did I? No.
   Q. Do you agree with it?
   A. No, not necessarily, but at the time it was—I really didn't have the time to deal with it. It was worth whatever the ticket was with my schedule, I just couldn't afford to take the time off from work to deal with it."

F.Supp. 54 (D.C.Okl.1978); *Cox v. Bohman*, 683 S.W.2d 757 (Tex.App.1984). The Court of Appeals decision in this case represents a significant departure from this settled line of cases.

## II.

The statute relied upon by the Court of Appeals, 22 O.S.Supp.1982, § 1114.7,[2] states:

"A person arrested for a traffic violation and served with a traffic ticket *may elect* to plead guilty to the violation therein charged at the time of his arrest or at any time before he is required to appear in court. At the time of his arrest, *the person arrested may indicate his plea of guilty on the ticket,* above his signature, and attach the ticket [to a check] in payment of fine and costs in an amount equal to that prescribed as bail.... After he has been arrested and before the time to appear in court, *the person arrested may indicate his plea of guilty on the ticket, sign the ticket,* and mail or deliver it to the court clerk of the appropriate court ..." (emphasis added).

Of interest is 22 O.S.1981, § 1114.4, which reads:

"The arresting officer shall indicate on the ticket the date of the arraignment, and the defendant must appear ... at the stated time and place for arraignment. If the defendant fails to appear ... or fails to arrange with the court ... for a future appearance, the cash bail, if cash bail has been deposited by the defendant, shall be forfeited ... If bail has been forfeited, on motion of the district attorney, the court shall issue a bench warrant. *Provided however, that bail forfeiture shall not be construed as a plea of guilty or admission in any civil action that may thereafter arise ...*" 22 O.S.1981, § 1114.4. (emphasis added).

## III.

■ There is no admissible evidence in this record which shows that the appellee entered a plea of guilty to the traffic citation. The proof of such a plea, the ticket itself, was notably absent at trial and in the record. This record contains evidence which supports only two inferences. Either the appellee pleaded nolo contendere to the ticket and paid a fine; or she simply allowed her bail to be forfeited in the belief that such forfeiture would end the matter. Neither scenario would justify evidence of the payment of the fine, or forfeiture of bail to be admitted in a subsequent civil proceeding. See *Dover v. Smith,* supra; *Laughlin v. Lamar,* supra; 22 O.S.1981, § 1114.4.

■ The legal theory supporting the admissibility of a plea of guilty to a traffic offense in a civil action is not that the plea is the basis for a judgment establishing a fact, but that the plea is an admission against interest. See, *Dover v. Smith,* supra. "... [A] distinction has been drawn between a plea of guilty to an offense which notes conduct in issue in a civil case and statement made by one in the course of paying a traffic fine under a so-called 'cafeteria' system for minor traffic offenses, the latter not constituting an admission of the fact that the declarant did the act charged in the traffic ticket." 29 Am.Jur.2d § 701; see also: *Wheelock v. Eyl,* 393 Mich. 74, 223 N.W.2d 276 (1974); *Hannah v. Ike Topper Structural Steel Co.,* 120 Ohio App. 44, 201 N.E.2d 63 (1963).

For these reasons, the opinion of the Court of Appeals, Division I, is VACATED. The judgment of the district court entered on the verdict for the appellee is AFFIRMED.

HARGRAVE, V.C.J., and LAVENDER, OPALA, ALMA WILSON and SUMMERS, JJ., concur.

KAUGER, J., concurs in result.

HODGES, J., dissents.

---

2. Repealed by the laws of 1986, see: Okl.Sess. Laws 1986, ch. 250, § 15.