Pepper Deneé O'NEAL, a minor, By and Through her father and next friend, Keith O'NEAL, and Keith O'Neal, Appellants,

v.

JOY DEPENDENT SCHOOL DISTRICT, NO. 1, MURRAY COUNTY, Oklahoma, Appellee.

No. 69935.

Supreme Court of Oklahoma.

Nov. 19, 1991.

As Corrected Nov. 20, 1991.

Kenneth C. McCoy, Oklahoma City, for appellants.

Linda G. Alexander, Niemeyer, Noland & Alexander, Oklahoma City, for appellee.

DOOLIN, Justice.

On October 29, 1984, Pepper O'Neal, then twelve years old, was taken with some of her classmates on a school-sponsored activity to Wynnewood, Oklahoma. The children were transported on a bus belonging to the Joy Dependent School District (district) and were under the supervision of a teacher employed by the district. While attempting to walk across State Highway 29, Pepper O'Neal was struck and injured by a truck driven by Ronald Teves (Teves).

Pepper O'Neal, by and through her father as next friend, (appellants) filed a lawsuit against the district alleging negligence for failure to properly supervise the child. Appellants did not name Teves as a party defendant. The district defended on the theories: 1) that the chief cause of Pepper O'Neal's injuries was her own contributory negligence, and 2) that the accident was unavoidable and 3) that the injury was caused by the negligence of Teves.

To develop this last theory at trial, the district called Teves as a witness during presentation of its case-in-chief. During re-direct examination the following exchange took place:

BY MS. LINDA A. ALEXANDER, ATTORNEY FOR DISTRICT

Q. Sir, you were going too fast that day, weren't you?

BY MR. McCOY:

Objection, Yor Honor. This is definitely outside the scope of cross-examination. I asked him nothing about speed. It's outside the scope.

BY THE COURT:

Overruled.

Q. (By Ms. Alexander) You were going too fast that day, weren't you?

A. (By the Witness) No.

Q. Sir, isn't that what you were convicted of, sir?

BY MR. McCOY:

Objection, Your Honor. It's irrelevant, immaterial to the issues in this case. Objection.

BY MS. ALEXANDER:

Your Honor, I think it's absolutely relevant in this case. We have, and I will refrain from making a speech from the podium, Your Honor.

BY THE COURT:

Are you talking about a plea of guilt, or trial, or what?

BY MS. ALEXANDER:

Your Honor, I'm talking about a conviction, Your Honor.

BY THE COURT:

All right, overruled. You may proceed.

Q. (By Ms. Alexander) Weren't you, sir?

A. (By the Witness) Yeah, I was.

BY MS. ALEXANDER:

Nothing further, Your Honor.

The cause was thereafter submitted to the jury who found unanimously in favor of the defendant district.

The above-quoted examination of the witness, Teves, and the trial court's ruling on appellants' objection constitute the sole issue to be decided on appeal.

I.

The issue before us is this: May evidence be admitted over timely objection, of the conviction of a non-party witness for a traffic offense which arose from the same set of facts which underlie the civil action in which the witness has been called? The rule in a majority of jurisdictions, which we reiterate today, is that evidence of such a

criminal conviction cannot be admitted over a timely objection.

The line of authority which supports exclusion of evidence of criminal convictions from civil actions arising from the same facts is long and venerable, both in Oklahoma and in other jurisdictions.[1] The well-settled reasoning for such exclusion was stated in the case of *Laughlin v. Lamar*,[2] where this Court said:

> The rule (against allowing evidence of a criminal conviction) is supported by great weight of authority based on various reasons, such a dissimilarity of the object of the actions, issues, procedure and parties to the actions.[3]

One illustrative dissimilarity between criminal and civil proceedings is the doctrine of contributory negligence. While the contributory acts of a victim are usually immaterial to the issue of criminal guilt, the contributory negligence of an injured party in a civil action is vital to the ultimate issue of a defendant's liability.[4]

■ While there are well-recognized exceptions to the above-cited rule, the facts of record in the case before us make those exceptions inapplicable.[5] Absent some exception to the settled rule, evidence of a prior conviction for a minor offense may not be admitted into evidence in a subsequent civil action arising from the same facts and circumstances in the face of a timely objection.

■ The district argues that a reason does in fact exist here to not follow the general rule because here the person convicted of the offense was a witness under examination and was not a party to the proceedings. Since this precise situation has not been previously presented to this Court the issue to be decided is one of first impression in Oklahoma.

Cases which have addressed the issue of admissibility of evidence of criminal conviction of a non-party are much less numerous than those involving a party. In Oklahoma, the case of *Goodwin v. Continental Casualty Co.*[6] concerned whether evidence that a named beneficiary in an insurance policy had been convicted of causing the death of the insured could be admitted in an action on the policy. There the conviction was held inadmissible, notwithstanding the statute which prevents a homicidal beneficiary from receiving the proceeds of his victim's policy.[7]

Similarly, the Supreme Court of Connecticut held it was not error to exclude evidence that a deceased testator had been convicted of drunken driving, where that evidence was offered in a will contest in an effort to prove testator's succeptability to undue influence.[8]

In each of these cases the appellate courts found the general rule should apply to evidence of convictions of non-parties with the same force and effect as it had been applied to parties. The courts' rea-

1. *Haynes v. Rollins*, 434 P.2d 234, 237 (Okl. 1967), *Dover v. Smith*, 385 P.2d 287, 289 (Okl. 1963) and see: 18 ALR2d 1290, § 2, and cases cited therein.

2. 205 Okl. 372, 237 P.2d 1015 (1951).

3. *Id.* 237 P.2d at 1016.

4. See: *General Exchange Ins. Corp. v. Sherby*, 165 Md. 1, 165 A. 809 (1933).

5. See, for example, *Lee v. Knight*, 771 P.2d 1003 (Okl.1989); which held the rule against inadmissibility is abrogated by 12 O.S.1981, § 2803(22), which clearly authorizes admitting evidence of criminal conviction for *a felony* to prove any fact essential to judgment in a subsequent civil action. That opinion also says, "It was clearly not the Legislature's intent to make evidence of conviction of minor offenses admissible, and in

such circumstances the rule stated in our prior case law continues to be applicable." (*Id.* at 1004, citing *Haynes v. Rollins, supra*, and *Goodwin v. Continental Casualty Co., infra* at note 6); and see: *Walker v. Forrester*, 764 P.2d 1337, 1338 (Okl.1988), defendant's prior *plea of guilty* to criminal charge was held admissible.

6. 175 Okl. 469, 53 P.2d 241 (1935).

7. O.S.1931, § 1616, later 84 O.S.1981, § 231. We note that since the decision in *Goodwin* the statute has been amended to include changes which may or may not affect future rulings on cases which come within its purview. The *Goodwin* holding, however, has not been overruled.

8. *Page v. Phelps*, 108 Conn. 572, 143 A. 890 (1928).

soning was the same as that traditionally applied by courts considering evidence of a party's conviction. Each court held that in the absence of some exception, the rule should be applied.

In an effort to provide such an exception in the instant case, the district points out that the evidence of Teves' conviction was elicited only after he had denied "going too fast" during re-direct examination. Evidence of the conviction in this situation, it is suggested, was used solely to impeach the witness' adverse testimony.

While other courts have spoken favorably of using evidence of conviction for impeachment purposes,[9] we do not believe the circumstances here justify abandoning the general rules against admissibility. In the first place, the phrasing of the question, "you were going too fast that day, weren't you?" is somewhat vague and the answer is not dependent on whether the witness was found guilty of the offense of speeding. "Too fast" has many meanings in many contexts and the witness' negative reply could, in the context of a civil trial, be an expression of his opinion as to whether he was driving at a speed he considered not to be negligent under all the circumstances. In this instance the witness had not denied being convicted so the use of the fact of the conviction was not proper as impeachment.

Furthermore, the rule against admitting evidence of a conviction does not foreclose a party from impeaching a witness' testimony by other means. In this case the district would have been free to offer on rebuttal any or all of the same evidence which had been presented at the criminal trial in order to persuade the jury here that Teves had, indeed, been going "too fast". No irreparable damage to the district's rights would have been caused by excluding Teves' conviction.

No statutory or factually compelling reason has been shown which persuades us that evidence of the witness Teves' conviction should not have been excluded.

## II.

■ The district also argues that the above-quoted objection by appellants' counsel was not sufficiently specific to preserve error. We find this argument unpersuasive in light of the provision of the Oklahoma Evidence Code[10] which reads:

A. Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of a party is affected, and:

1. If the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, *if the specific ground was not apparent from the context....* (emphasis added)[11]

From any reading of the above-quoted portion of the transcript it is clear that the trial court was fully aware of the substance of the issue of the admissibility of the witness' criminal conviction. In other words, error was preserved here because the grounds for appellants' objection were apparent from the context of counsel's objection.[12]

## III.

■ The district further argues that even if the evidence of Teves' conviction were improperly admitted, its admission did not affect the outcome of the case and in the absence of prejudice to appellants there is no reversible error.

The argument that no prejudice occurred is predicated on the argument that the verdict form selected and executed by the jury supports but a single conclusion; that the jury found no negligence on the part of the district.[13] To support this conclusion the

---

9. See: *Galusca v. Dodd,* 189 Md. 666, 57 A.2d 313 (1948). The trial court admitted evidence that defendant had been arrested, but excluded evidence to show that there had been a trial and conviction. (*Id.* 57 A.2d at 315).

10. 12 O.S.1981, § 2101, et seq.

11. 12 O.S.1981, § 2104.

12. See: *Dunham v. State,* 762 P.2d 969, 972 (Okl.Cr.1988).

13. The verdict form reads:
 We, the jury, empaneled and sworn in the above entitled cause, do, upon our oaths, find

district, in its appellate brief, sets out what it says was the trial court's instruction about the meaning and significance of the verdict form selected. Given that instruction, the district argues, the verdict form used means the jury was not influenced by Teves' conviction.

We must reject this argument without addressing it because the record transmitted to the Court on appeal contains nothing to indicate what instructions were, in fact, given to the jury. While the record contains numerous proposed instructions from both the plaintiff and defendant below, there is nothing to show which ones were actually allowed and given.

 As we have said before, an appellate court may not consider as part of the appellate record any instrument or material which has not been incorporated into the assembled record by the certificate of the clerk of the trial court.[14] Further, the Supreme Court will not accept unsupported statements which are contained in a party's brief, or are otherwise unsupported, as a basis for an appellate decision.[15]

Based upon the foregoing considerations we therefore REVERSE the judgment of the trial court and REMAND the cause for a new trial.

LAVENDER, SIMMS, ALMA WILSON and KAUGER, JJ., concur.

OPALA, C.J., and SUMMERS, J., concur in result.

HODGES, V.C.J., and HARGRAVE, J., dissent.

the issues in favor of the Defendant, JOY DEPENDENT SCHOOL DISTRICT NO. 1, MURRAY COUNTY, OKLAHOMA.

14. *Chamberlin v. Chamberlin,* 720 P.2d 721, 723 (Okl.1986).

15. *Price v. Price,* 471 P.2d 894, 896 (Okl.1970).